**James R. LOWE, Appellant,**

v.

**J.B. HUNT TRANSPORT, INC., Appellee.**

**No. 91–3562.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1992.

Decided April 28, 1992.

Thomas H. Bornholdt, Overland Park, Kan., argued, for appellant.

Carolyn B. Witherspoon, Little Rock, Ark., argued (Donna S. Galchus, on brief), for appellee.

Before ARNOLD, Chief Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.

ARNOLD, Chief Judge.

James R. Lowe brought this action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, against his former employer, J.B. Hunt Transport, Inc. At the close of the plaintiff's evidence, the District Court[1] granted defendant's motion for directed verdict and dismissed the com-

1. The Hon. D. Brook Bartlett, United States District Judge for the Western District of Missouri.

plaint with prejudice. Lowe appeals, and we affirm.

Lowe worked for J.B. Hunt for about two years. He was terminal manager of the company's trucking terminal in Kansas City. Lowe was almost fifty-two years old when he was hired, and almost fifty-four when he was fired. The asserted reason for his discharge was the falsification of a petty-cash report. The same company officials who hired Lowe also made the decision to fire him.

There was no direct evidence that age was a determining factor in Lowe's dismissal. In contesting the District Court's entry of a directed verdict against him, his principal contention is that he presented evidence tending to show that the reason given by the employer was not the true reason. In this situation, Lowe argues, it is reasonable to infer that the employer's asserted justification is a mere pretext. Accordingly, the argument runs, the inference of discrimination arising from the plaintiff's having made a *prima facie* case is a reasonable one, and the trier of fact should have been allowed to consider whether to accept it.

■ As a general proposition, it is true that a plaintiff who makes a *prima facie* case and who presents evidence which, if believed, would discredit the employer's asserted justification has a right to go to the trier of fact. Here, a *prima facie* case was presented. Lowe was within the protected age group, his job performance was satisfactory (up until the time of the disputed petty-cash report), and he was replaced by a younger person after his dismissal. See *Halsell v. Kimberly–Clark Corp.*, 683 F.2d 285 (8th Cir.1982), *cert. denied*, 459 U.S. 1205, 103 S.Ct. 1194, 75 L.Ed.2d 438 (1983). In response to the asserted justification for his dismissal, the plaintiff argued that the shortage in the petty-cash fund was small, that he was not even accused of having taken the money for himself, that his performance ratings, up until the time of discharge, had been good, that less severe methods of discipline were available, and that another, similarly situated employee

was simply disciplined, rather than being fired.

■ In general, a plaintiff may rebut a defendant's asserted justification either directly, by persuading the court that a discriminatory reason more likely motivated the employer, or indirectly, by showing that the proffered explanation is unworthy of belief. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981); *Haglof v. Northwest Rehabilitation, Inc.*, 910 F.2d 492, 494 (8th Cir.1990); *MacDissi v. Valmont Industries, Inc.*, 856 F.2d 1054, 1059 (8th Cir.1988).

The general rules as to the shifting burdens of production and persuasion in discrimination cases, however, are not to be applied woodenly, as if they were themselves statutory law. They are simply aids designed to make it easier to decide questions of fact about intent and motive. And, from the point of view of an appellate court, whether all of the i's were dotted and all of the t's crossed in the burden-shifting analysis undertaken in the trial court is not of primary importance. After the case is over and has been appealed, the question is simply whether the evidence (we speak of a case like the present, where the plaintiff has lost on directed verdict) was sufficient to justify a reasonable jury in finding discrimination.

■ Here, the District Court carefully outlined its reasons for answering that question in the negative. It did so in an oral statement, made in open court, ruling on the motion for directed verdict. We find the District Court's statement complete and well reasoned. The evidence that plaintiff claims is inconsistent with defendant's proffered justification is thin, but perhaps sufficient, all other things being equal, to defeat a motion for directed verdict. In the present case, however, all other things were not equal. The most important fact here is that plaintiff was a member of the protected age group both at the time of his hiring and at the time of his firing, and that the same people who hired him also fired him. See *Proud v. Stone*, 945 F.2d 796 (4th Cir.1991). If plaintiff had

been forty when he was hired, and sixty-five when he was fired, obviously this fact would not be so compelling. But here, the lapse of time was less than two years. It is simply incredible, in light of the weakness of plaintiff's evidence otherwise, that the company officials who hired him at age fifty-one had suddenly developed an aversion to older people less than two years later.

Maybe, as plaintiff argues, the company did over-react. The shortage was small, plaintiff was making it up out of his own pocket, and the so-called falsification was on a form in plaintiff's desk, not yet communicated to anyone in the company. Apparently, plaintiff preferred to state that there were no discrepancies rather than admitting that a shortage had been found, and that he was taking care of the matter with his own money. This may seem like, and may in fact have been, a small fault, but that is J.B. Hunt's business, not ours. The question is whether plaintiff was fired on account of his age, not whether he was fired for an insufficient reason in some general sense. The fact that his job-performance ratings were generally good is not relevant in the present case, when the reason given for discharge was not performance, but rather a specific instance of false documentation.

Plaintiff suggests that the form filled out at the time he was fired indicates that the reason given was not the true one. On the form, the box labeled "dishonesty" was not checked. Instead, the reason given for discharge was that plaintiff had violated a company policy. We see no real problem here. Certainly the filling out of a false form was a violation of company policy, and a written policy to this effect was produced at the trial. The box "dishonesty" could have been checked, but the fact that the company chose to characterize what happened less harshly, though still accurately, should not count against it in this discrimination suit. Finally, the assertedly similarly situated employee who was disciplined instead of being fired was not guilty of falsifying any records. He had used the company computer to send personal messages, an action that could arguably be classified as dishonesty, but he was not a terminal manager. The inference that this different treatment of the other employee, a younger person, shows age discrimination is simply not strong enough in light of all the other evidence in the case, to justify allowing the matter to go to the jury.

We are mindful that the standard for granting motions for directed verdict is stringent. Such motions may be granted, and their granting may be affirmed in this Court, only when the evidence supporting the party opposing the motion, when given the benefit of all reasonable inferences, would not suffice as the basis for a rational conclusion in that party's favor. We hold that this standard has been met in the present case. A jury finding of age discrimination on this record would have been wholly unreasonable. In *Barber v. American Airlines, Inc.*, 791 F.2d 658 (8th Cir.), cert. denied, 479 U.S. 885, 107 S.Ct. 278, 93 L.Ed.2d 254 (1986), we held that a directed verdict should have been granted where the plaintiff's attacks on the employer's asserted justification, though strong in themselves, were logically inconsistent with age as a motive. Here, the directed verdict was likewise appropriate. The plaintiff's attacks on the defendant's asserted justification, though not themselves logically inconsistent with age as a motive, were too weak to justify a rational inference of discrimination when viewed against the undisputed background facts. The short time plaintiff worked for the defendant, his age when hired, and the identity of those who hired and fired him are, in the particular circumstances of this case, fatal to his claim.

Affirmed.