Cathy M. ACCORDINO, Plaintiff,

v.

LANGMAN CONSTRUCTION, INC., Wayne Davis, Jan Stanley, John Lester, and Chuck Langman, Defendants.

Civ. No. 4–93–70365.

United States District Court, S.D. Iowa, Central Division.

Aug. 23, 1994.

Mary S. Bernabe, Des Moines, IA, and William P. Hoye, Notre Dame, IN, for plaintiff.

W. Michael Murray, Murray Davoren & Jankins, Des Moines, IA, for defendants.

## MEMORANDUM OPINION, RULING, AND ORDER OF DISMISSAL

VIETOR, District Judge.

Plaintiff Cathy Accordino (hereinafter "plaintiff") brought this action against defendants Langman Construction, Inc., Wayne Davis, Jan Stanley and Chuck Langman alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and Iowa Code chapter 216, as well as various common law theories of relief. On June 8, 1994, plaintiff's motion to dismiss was granted as to all defendants except Davis. Defendant Davis (hereinafter "defendant") now moves to dismiss plaintiff's Title VII claims against him.

### Background

Plaintiff's complaint alleges the following. She was employed by Langman Construction from April 1, 1992 to August 22, 1992. During much of this time defendant, a foreman with Langman Construction, was her direct supervisor. During this time defendant subjected her to sexual harassment including degrading sexual comments, advances and propositions, and unwanted touching. Plaintiff complained to Stanley, Lester and Langman (Langman Construction's Superintendent, Treasurer, and President, respectively) about defendant's behavior and alleges this resulted in her demotion and constructive discharge.

### Discussion

In a motion to dismiss for failure to state a claim, the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. *Haynesworth v. Miller*, 820 F.2d 1245, 1249 n. 11 (D.C.Cir.

238

1987). A court may dismiss a complaint if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

■ Defendant argues that the claims are brought against him as a supervisor, that Title VII does not allow for recovery against employees of plaintiff's employer, and therefore the plaintiff's complaint states no claim on which relief can be granted under any set of facts.

The question of liability of supervisors under Title VII is one on which courts are divided. Title VII makes it an "unlawful employment practice for an employer" to discriminate on the basis of sex. 42 U.S.C. § 2000e–2(a). "The term 'employer' means a person engaged in an industry affecting commerce * * * and any agent of such a person * * *." 42 U.S.C. § 2000e(b). This language has resulted in differing opinions about whether the reference to "any agent" means that supervisors can be sued as employers, or whether it merely ensures that the principal can be sued for discriminatory practices engaged in by its management personnel. *Compare Paroline v. Unisys Corp.,* 879 F.2d 100, 106 (4th Cir.1989) (subsequent history omitted) (supervisor with sufficient authority can be "employer" under Title VII) *and Jones v. Continental Corp.,* 789 F.2d 1225, 1231 (6th Cir.1986) (individuals who are "agents" of employer may be sued in "individual capacity") *with Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir.1993) ("individual capacity" suit under Title VII inappropriate) *and Harvey v. Blake,* 913 F.2d 226, 227–28 (5th Cir.1990) (supervisor liable only as surrogate for employer).

Before the Civil Rights Act of 1991, many courts holding against personal liability of supervisors noted that the remedies under Title VII—backpay and reinstatement—were of a nature that was appropriate only to employers, not supervisors or co-workers. *See, e.g., Harvey,* 913 F.2d at 227; *Padway v. Palches,* 665 F.2d 965, 968 (9th Cir.1982). The 1991 amendments, however, added compensatory and punitive damages in 42 U.S.C. § 1981a, leading some district courts to conclude that Congress had created personal liability for supervisory personnel. *E.g., Vakharia v. Swedish Covenant Hosp.,* 824 F.Supp. 769, 784–86 (N.D.Ill.1993); *Bridges v. Eastman Kodak Co.,* 800 F.Supp. 1172, 1179–80 (S.D.N.Y.1992). The significant changes in 1991 render most pre–1991 cases inapposite on this question.

The Eighth Circuit has not ruled on this issue. Plaintiff suggests that *Hall v. Gus Construction Co.,* 842 F.2d 1010 (8th Cir. 1988) is dispositive on this issue. I do not read *Hall* that way. It is not clear that the Eighth Circuit was presented with the specific issue of a supervisor's personal liability. The relevant discussion in *Hall* regards the liability of an employing entity for acts where the only notice was through an agent. Further, while the Eighth Circuit Court states "Mundorf [Hall's supervisor] and Gus Construction are liable," it is not clear what the court meant by liability when, prior to 1991, Title VII remedies were of a nature generally inapplicable to individual supervisors. The *Hall* case is too ambiguous to provide guidance.

District courts within the Eighth Circuit are split. *Compare Russell v. City of Overland Police Dep't,* 838 F.Supp. 1350, 1352 (E.D.Mo.1993) (suggesting that employees may be liable under Title VII if they qualify as agents); *with Dunham v. City of O'Fallon, Missouri,* No. 4:93CV02677, 1994 WL 228598 (E.D.Mo. May 12, 1994) (no individual liability under Title VII) *and Stafford v. State,* 835 F.Supp. 1136, 1148–49 (W.D.Mo. 1993) (same).

Despite the 1991 changes in remedies, the overall structure of the workplace discrimination laws remains focused on employing entities. Section 2000e still exempts employers with fewer than fifteen employees; new section 1981a includes damage limits scaled to the size of the employer's workforce. The term "employer" must be interpreted in the context of this structure. It is implausible that this structure, which purposefully excludes or limits the liability exposure of small businesses, would simultaneously allow recovery against individuals who are employed by a covered employer, such as supervisors.

District courts that have found supervisors personally liable have stressed the need to interpret broadly the definition of employer to best effect the purposes of Title VII. *See Lamirande v. Resolution Trust Corp.*, 834 F.Supp. 526, 527–28 (D.N.H.1993); *Raiser v. O'Shaughnessy*, 830 F.Supp. 1134, 1137 (N.D.Ill.1993). Plaintiff argues that, as a matter of policy, an individual who engages in acts like those alleged in this case should properly be held responsible, that failing to do so diminishes the deterrence of sexism and racism at work. *See Vakharia*, 824 F.Supp. at 785 ("To conclude that personal accountability of supervisory employees is unnecessary * * * is to neglect Title VII's broader goal of eradicating discrimination."). This broad goal is not, however, fully implemented in the law as it stands today. Broadening the sweep of Title VII is a task for Congress, not the courts. *Cf. Henry v. E.G. & G. Missouri Metals Shaping Co.*, 837 F.Supp. 312, 314 (E.D.Mo.1993) ("impressed" with arguments for individual liability but refusing to follow such holdings). I agree with and follow the weight of authority finding no personal liability for individual supervisors in the current language of Title VII.[1]

Because Title VII provides no remedy against individual supervisors, plaintiff states no federal claim upon which this court may provide relief. Defendant's motion to dismiss will be granted. Pursuant to 28 U.S.C. § 1367(c)(3), this court will decline to exercise supplemental jurisdiction over plaintiff's state claims because the only claim over which this court has original jurisdiction is being dismissed.

### Ruling and Order of Dismissal

The motion to dismiss filed by defendant Wayne Davis on April 22, 1994, is GRANTED as to plaintiff's first and second claims, those under Title VII, and IT IS ORDERED that those claims be DISMISSED with prejudice. IT IS FURTHER ORDERED that the state claims listed as claims three through five in the original Complaint and additional claims six and seven in the First Amended Complaint be DISMISSED, pursuant to 28 U.S.C. § 1367(c)(3), without prejudice.

1. Circuits ruling since the 1991 Act have, to date, all held against personal liability for supervisors. *Grant v. Lone Star Co., B.L.*, 21 F.3d 649 (5th Cir.1994); *Sauers v. Salt Lake County*, 1 F.3d 1122 (10th Cir.1993); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583 (9th Cir.1993). *See also Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir.1994) (finding no personal liability under a similar definition of "employer" in the Age Discrimination in Employment Act).