862 F.Supp. 239 (1994)
Lea WILLIAMS, Plaintiff,
v.
ROTHMAN FURNITURE STORES, INC. and Dale Steinback, Defendants.
No. 4:94CV768SNL.
United States District Court, E.D. Missouri, Eastern Division.
August 31, 1994.
Neil J. Maune, Walker and Maune, Granite City, IL, for plaintiff.
Thomas M. Newmark, Timothy J. Sarsfield, Gallop and Johnson, St. Louis, MO, for defendants.

*240 MEMORANDUM AND ORDER

LIMBAUGH, District Judge.
Plaintiff has filed a multicount employment discrimination case regarding alleged sexual harassment and retaliatory discharge. She seeks recovery pursuant to Title VII, the Missouri Human Rights Act (MHRA), and the common law tort of intentional infliction of emotional distress. This matter is before the Court on defendant Steinback's motion to dismiss Count II and Count IV of plaintiff's first amended complaint (# 8), filed June 20, 1994. Responsive pleadings have been filed.
As to Count IV of the plaintiff's amended complaint, this Court has already determined that Count IV should be dismissed as being barred by the Missouri Workers Compensation Act and for failure to state a claim upon which relief can be granted. See, Court Order, filed August 31, 1994, regarding Defendant Rothman's Motion to Dismiss Count IV (# 7).
Defendant Steinback seeks dismissal of Count II in its entirety because individual defendants cannot be held personally liable under Title VII. Plaintiff contends that defendant Steinback, due to his supervisory role, can be considered an "agent" of defendant Rothman (her employer), thus subject to liability under Title VII.
The issue before the Court is whether or not defendant Steinback is subject to the provisions of Title VII as the plaintiff's "employer". Defendant Steinback contends that he is not the plaintiff's "employer" as that term is defined under Title VII, therefore, she cannot state a claim, pursuant to Title VII, against him in his individual capacity.
Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person...." 42 U.S.C. § 2000e(b). The term "person" is defined as including "one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, or receivers." 42 U.S.C. § 2000e(a). Title VII provides no definition for the term "agent".
The federal courts are divided on the issue of personal liability, especially with regard to supervisors, under Title VII. Some courts have held supervisors individually liable under Title VII as "agents" of the employer. See, Paroline v. Unisys Corp., 879 F.2d 100 (4th Cir.1989), vacated in part, 900 F.2d 27 (4th Cir.1990); Jones v. Continental Corp., 789 F.2d 1225 (6th Cir.1986); Janopoulos v. Walner & Associates, 835 F.Supp. 459 (N.D.Ill.1993); Raiser v. O'Shaughnessy, 830 F.Supp. 1134 (N.D.Ill.1993); Vakharia v. Swedish Covenant Hospital, 824 F.Supp. 769 (N.D.Ill.1993); Sandoval v. Pagano, 763 F.Supp. 1087 (D.Colo.1991). Other courts have found that a supervisor is not an "agent of the corporate employer and thus may not be held personally liable under Title VII. See, Miller v. Maxwell's International, 991 F.2d 583 (9th Cir.1993); Pommier v. Edelstein, 816 F.Supp. 476 (N.D.Ill.1993); Weiss v. Coca-Cola Bottling Company of Chicago, 772 F.Supp. 407 (N.D.Ill.1991); Robinson v. Jacksonville Shipyards, 760 F.Supp. 1486 (M.D.Fla.1991); Davis v. State Dept. of Health, 744 F.Supp. 756 (S.D.Miss.1990); Bradley v. Consolidated Edison Co. of New York, Inc., 657 F.Supp. 197 (S.D.N.Y.1987).
It appears that this issue has yet to be addressed definitively by the Eighth Circuit Court of Appeals. As recently as March 1994, the Eighth Circuit has held that claims against individual defendants fail under Title VII because liability only attaches to employers. Smith v. St. Bernards Regional Medical Center, 19 F.3d 1254, 1255 (8th Cir.1994). However, the Smith case dealt with a Title VII claim against co-employees who were not in supervisory positions with respect to the plaintiff. Although the Court is impressed with those cases which hold that liability, under Title VII, may extend to those individuals, who although are not the plaintiff's "employer", still possess a certain degree of control with regard to employment opportunities; it does not feel that it can follow the holdings of these courts in light of the Eighth Circuit Court of Appeals' consistent holdings *241 that liability under Title VII cannot attach to individual defendants in their personal capacity. This Court will not, at this time, extend liability under Title VII to a supervising employee in his/her individual capacity. Consequently, the Court finds that the plaintiff has failed to state a claim upon which relief can be granted against defendant Steinback in Count II of her amended complaint.
However, there is no dispute that defendant Rothman is the plaintiff's "employer" as that term is defined under Title VII. The Court sees no reason to dismiss Count II in its entirety just because the plaintiff cannot maintain her claim against defendant Steinback. Count II will be dismissed as to defendant Steinback only.
Accordingly,
IT IS HEREBY ORDERED that defendant Steinback's motion to dismiss Count II and Count IV (# 8), filed June 20, 1994 be and is GRANTED in that Count IV is dismissed in its entirety, and Count II is dismissed as to defendant Steinback only.