**Connie D. ENGLE, et al., Plaintiffs,**

v.

**BARTON COUNTY MEMORIAL HOSPITAL and J. Dewey Smith, Defendants.**

No. 94–5027–CV–SW–1.

United States District Court,
W.D. Missouri,
Western Division.

Sept. 22, 1994.

Charles Buchanan, Joplin, MO, for plaintiff.

John F. Black, John D. Hammons, Jr., Springfield, MO, Karl Blanchard, Jr., Joplin, MO, for defendants.

**ORDER**

WHIPPLE, District Judge.

The only motion pending before the Court is the motion of Defendant Smith to dismiss all counts of Plaintiffs' complaint against him. Said motion together with Defendant's suggestions in support, Plaintiffs' suggestions in opposition, and Defendant's reply suggestions were reviewed by the Court. After due consideration of the above, for the reasons set forth below, the motion is granted.

**I. Background**

Plaintiffs' complaint alleges the following. Plaintiffs are employees of Defendant Barton County Hospital and Defendant Smith is the Chief Administrative Officer of said hospital. Plaintiffs allege that Defendant subjected them to sexual harassment including demeaning sexual comments, unwelcome sexual propositions, and unwelcome physical contact. Plaintiffs claim that these actions had the effect of unreasonably interfering with their work performance and created an intimidating, hostile work environment. Plaintiffs brought this suit pursuant to Title VII of the Civil Rights Act of 1964.

**II. Standard for Motion to Dismiss**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must presume that all factual allegations of a complaint are true and make all reasonable inferences in favor of the nonmoving party. *Haynesworth v. Miller*, 820 F.2d 1245, 1249 n. 11 (8th Cir. 1987). A court should dismiss a claim only if it appears to a certainty that no relief could be granted under any set of facts that could be proved. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). In moving to dismiss the claim against him, Defendant argues that Plaintiffs may not assert a Title VII claim against him because Title VII does not impose liability on individual employees. Consequently, Defendant asserts that Plaintiffs' complaint states no claim on which relief can be granted under any set of facts.

**III. Discussion**

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against individuals on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1) (1988). The term "employer" is defined in Title VII as follows:

The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, *and any agent of*

*such a person. . . .* 42 U.S.C. § 2000e(b) (1988) (emphasis added).

Plaintiffs argue, based on the above language, that Defendant Smith, as an agent of Defendant Barton County Hospital, is himself an "employer" for the purpose of imposing liability under Title VII. Defendant contends that use of the term "agent" merely establishes that a company can be sued for the discriminatory acts of its employees.

The question of individual liability for employees under Title VII has caused no small amount of confusion to the various federal courts confronting this question. The great weight of authority has found that there is no individual liability under Title VII. *See, e.g., Grant v. Lone Star Co.,* 21 F.3d 649, 651–53 (5th Cir.1994); *Miller v. Maxwell's International, Inc.,* 991 F.2d 583, 587–88 (9th Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994); *Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir. 1993); *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991); *Saville v. Houston County Healthcare Authority,* 852 F.Supp. 1512, 1522–25 (M.D.Ala.1994). *See also Bertoncini v. Schrimpf,* 712 F.Supp. 1336, 1339–41 (N.D.Ill.1989) and *Wilson v. Wayne County,* 856 F.Supp. 1254 (M.D.Tenn.1994) (collecting cases). To the contrary, other courts have concluded that individual liability for supervisors or employees is proper. *See, e.g., Paroline v. Unisys Corp.,* 879 F.2d 100, 106 (4th Cir.1989); *Raiser v. O'Shaughnessy,* 830 F.Supp. 1134, 1137 (N.D.Ill.1993); *Bridges v. Eastman Kodak Co.,* 800 F.Supp. 1172, 1179–80 (S.D.N.Y.1992).[1]

As yet, there has been no decision by the Eighth Circuit Court of Appeals on this issue. However, many district courts within the Eighth Circuit have concluded that liability under Title VII does not apply to individual employees. *Williams v. Rothman Furniture Stores, Inc.,* 862 F.Supp. 239 (E.D.Mo. 1994) (Limbaugh, J.); *Accordino v. Langman Construction, Inc.,* 862 F.Supp. 237 (S.D.Iowa 1994) (Vietor, J.); *Henry v. E.G. & G. Missouri Metals Shaping Co.,* 837 F.Supp. 312 (E.D.Mo.1993) (Limbaugh); *Stafford v. State of Missouri,* 835 F.Supp. 1136 (W.D.Mo.1993) (Bartlett, J.). For the reasons that follow, this Court is in accord with the conclusions of those district courts in the Eighth Circuit that have determined there is no individual liability under Title VII.

Plaintiffs' rejoinder to the growing volume of authority adverse to their position is that the Civil Rights Act of 1991, by altering the remedies available to plaintiffs, has changed the rules of the game. Prior to the enactment of the Civil Rights Act of 1991, compensatory damages were unavailable under Title VII and plaintiffs were entitled only to reinstatement, back pay or other equitable relief. In determining that individual liability was inappropriate, some courts recognized this limitation of remedies and noted that the employer, rather than an individual employee or supervisor, was in a better position to provide such relief. *See, e.g., Bradley v. Consolidated Edison Co.,* 657 F.Supp. 197, 207 (S.D.N.Y.1987); *Williams v. Hevi–Duty Electric Co.,* 668 F.Supp. 1062, 1070 (M.D.Tenn.1986).

In contrast, the 1991 Act now allows for the recovery of compensatory and punitive damages for intentional discrimination in violation of Title VII. 42 U.S.C. § 1981a(a)(1). Accordingly, some courts have determined that there is no longer a reason to exempt individuals from Title VII liability since these damages are of a type that an individual can be expected to pay. *Vakharia v. Swedish Covenant Hosp.,* 824 F.Supp. 769, 784–86 (N.D.Ill.1993); *Wilson v. Gillis Advertising Co.,* 61 Empl.Prac.Dec.P. 42,245, 1993 WL 503117 (N.D.Ala. Jan. 8, 1993); *Bridges v. Eastman Kodak Co.,* 800 F.Supp. 1172, 1180 (S.D.N.Y.1992). Plaintiffs assert that all of their claims accrued after passage of the Civil Rights Act of 1991 and therefore previous decisions exempting individual employees from liability are inapposite to this case.

However, despite the 1991 changes in the available remedies under Title VII, Congress

---

1. It is interesting to note that many of the courts that have imposed individual supervisor liability have deemed that such supervisors were acting only in their "official" capacity. *See, e.g., Harvey v. Blake,* 913 F.2d 226, 227–28 (5th Cir.1990); *Weiss v. Coca–Cola Bottling Co.,* 772 F.Supp. 407, 411 (N.D.Ill.1991).

did not alter the fundamental definition of "employer." The mere fact that new remedies were added does not in itself expand the pool of those subject to liability under the term "employer." The better reasoned approach to analyzing individual liability in light of the 1991 Act is that recently outlined by the Ninth Circuit in *Miller v. Maxwell's International, Inc.,* 991 F.2d 583, 587–88 (9th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994). As the court in *Miller* noted, the purpose of the "agent" provision in § 2000e(b) was only to incorporate *respondeat superior* liability into Title VII. Consequently, there is no reason to stretch the liability of individual employees beyond the *respondeat superior* principle. *Miller,* 991 F.2d at 587. *See Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir. 1993) (supervisor who is sued under Title VII "operates as the alter ego of the employer, and the employer is liable for the unlawful employment practices.").

The *Miller* court also determined that the statutory scheme of Title VII indicates Congress did not intend to impose individual liability. Liability under Title VII is expressly limited to employers with fifteen or more employees because Congress "did not want to burden small entities with the costs associated with litigating discrimination claims." *Id.* at 587. Given this level of protection for small entities, it is "inconceivable that Congress intended to allow civil liability to run against individual employees." *Id.*

Further, the 1991 Act also place caps on the availability of compensatory and punitive damages based on the size of an employer's workforce. 42 U.S.C. § 1981a(b)(3)(A–D). Once again, Congress chose to exempt employers with less than fifteen employees. It is illogical to assume that individual liability was contemplated just because these remedies were altered. As the Ninth Circuit noted in *Miller,* "if Congress had envisioned individual liability under Title VII for compensatory and punitive damages, it would have included individuals in this litany of limitations and would have discontinued the exemption for small employers." *Miller,* 991 F.2d at 588 n. 2.

Finally, violations of Title VII by supervisors and employees will not go unchecked in the absence of individual liability. As the *Miller* court observed:

> Although one court has determined that this holding would encourage supervisory personnel to believe that they may violate Title VII with impunity, the court's reasoning is unsound. No employer will allow supervisory or other personnel to violate Title VII when the employer is liable for the Title VII violation. An employer that has incurred civil damages because one of its employees believes he can violate Title VII with impunity will quickly correct that employee's erroneous belief.

*Miller,* 991 F.2d at 588 (citations omitted).

Absent any directive from the Eighth Circuit, this Court adopts the sound reasoning and conclusions of the Ninth Circuit, as set forth in the *Miller* decision, by holding that a supervisor may not be held individually liable for violations of Title VII. Consequently, Plaintiffs have failed to state a claim upon which relief can be granted against Defendant Smith.

## IV. Conclusion

It is therefore ORDERED that Defendant Smith's motion to dismiss all counts of Plaintiffs' complaint against him is GRANTED.