36 F.3d 765
 65 Fair Empl.Prac.Cas. (BNA) 1706
 Nicholas SERBEN, Appellant,
v.
INTER-CITY MANUFACTURING CO., INC., Appellee.
Nicholas SERBEN, Appellee,
v.
INTER-CITY MANUFACTURING CO., INC., Appellant.
Nicholas SERBEN, Appellee,
v.
INTER-CITY MANUFACTURING CO., INC., Appellant.
 Nos. 94-1178, 94-1182 and 94-1185.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 12, 1994.
Decided Sept. 30, 1994.
 
 David O. Danis, St. Louis, MO, argued, for appellant.
 Howard K. Munson, St. Louis, MO, argued, for appellee.
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Inter-City Manufacturing Co., Inc. (Inter-City) hired Nicholas Serben for a new sales manager position when Serben was fifty-two years old. Less than one year later, following the loss of two substantial customers, Inter-City eliminated the sales manager position and terminated Serben's employment. Serben brought this age discrimination action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Secs. 621-634 (1988 & Supp. V 1993), and the Missouri Human Rights Act (MHRA), Mo.Rev.Stat. ch. 213 (Supp.1993). A jury found Inter-City discriminated against Serben because of his age and awarded back pay, but did not award liquidated damages under the ADEA or punitive damages under the MHRA. The district court awarded Serben front pay and attorney fees. Serben appeals and Inter-City cross-appeals. We reverse on Inter-City's cross-appeal.
 
 
 2
 Inter-City contends the district court erroneously failed to grant Inter-City's renewed motion for judgment as a matter of law (JAML) after the verdict. "In reviewing a denial of a motion for a judgment as a matter of law, we must determine whether there is sufficient evidence to support a jury verdict." Nelson v. Boatmen's Bancshares, Inc., 26 F.3d 796, 800 (8th Cir.1994). We focus on the ultimate factual issue: whether Inter-City intentionally discriminated against Serben because of his age. See id. at 800-01.
 
 
 3
 Having carefully reviewed the record in the light most favorable to Serben, see id., we conclude Serben presented no direct evidence of age discrimination nor sufficient circumstantial evidence for the jury reasonably to infer Serben's age actually motivated his employer's decision. Serben was the same age when the sales manager position was eliminated and he was terminated as when he was hired. See Lowe v. J.B. Hunt Transport, Inc., 963 F.2d 173, 174 (8th Cir.1992). Serben's mere membership in the protected class does not permit an inference of age discrimination. See Skagen v. Sears, Roebuck & Co., 910 F.2d 1498, 1500 (7th Cir.1990); Holley v. Sanyo Mfg., Inc., 771 F.2d 1161, 1167 (8th Cir.1985). Serben's status as an experienced and thus higher paid employee also does not in itself permit an inference of age discrimination. See Hazen Paper Co. v. Biggins, --- U.S. ----, ---- - ----, 113 S.Ct. 1701, 1706-07, 123 L.Ed.2d 338 (1993) (discharge motivated by factor correlated to age, like seniority, is not age-based discrimination). Further, Inter-City's offer of early retirement to other protected employees does not violate the ADEA and does not support an inference of age discrimination. See Gray v. New England Tel. & Tel. Co., 792 F.2d 251, 255 (1st Cir.1986). The offers were made as part of a reduction in force that included the elimination of Serben's position, and Serben concedes the early retirement plan is not evidence of discrimination against him because it was not offered to him. Finally, Inter-City's refusal to accept Serben's offer to work in a lower paid sales representative position does not show age discrimination. At the time of Serben's termination, no sales representative position was available.
 
 
 4
 Because Serben failed to make a submissible case of age discrimination, the district court erroneously denied Inter-City's JAML motion. Accordingly, we reverse without reaching the other issues raised in parties' briefs.