Anthony BOYLAND, Plaintiff

v.

GENERAL NOVELTY, INC. d/b/a Coach House Gifts and Sherry Doggett, Manager, Defendants.

No. PB–C–94–418.

United States District Court, E.D. Arkansas, Pine Bluff Division.

May 9, 1995.

Jesse L. Kearney, Cross, Kearney & McKissic, Pine Bluff, AR, for plaintiff.

John D. Davis and Roger Rowe, Wright, Lindsey & Jennings, Little Rock, AR, for defendants.

*ORDER*

HENRY WOODS, District Judge.

Separate defendant Sherry Doggett has moved for dismissal from this Title VII suit in which the plaintiff alleges that he was wrongfully discharged on the basis of his race and gender. Ms. Doggett was the manager of the Coach House Gifts store where plaintiff, a black male, worked. It was her decision to discharge the plaintiff.

Ms. Doggett contends that she is entitled to dismissal, pursuant to Rule 12(b)(6), Fed. R.Civ.P., because she is not an "employer" for purposes of Title VII and cannot, therefore, be liable under its terms. The plaintiff, in his response, relies upon the statutory definition of "employer": "The term 'employer' means a person engaged in an industry affecting commerce … *and any agent of such a person….*" 42 U.S.C. § 2000e(b) (emphasis added).

There is a split of authority among courts as to whether a supervisor is individually liable under Title VII. *Miller v. Maxwell's International Inc.,* 991 F.2d 583 (9th Cir. 1993) (Individual defendants cannot be held liable for damages under Title VII); *Grant v. Lone Star Company, B.L.,* 21 F.3d 649 (5th Cir.1994) (Title VII does not permit money damages against individual employees, including supervisors); *but see Paroline v. Unisys Corp.,* 879 F.2d 100 (4th Cir.1989) (Supervisor with sufficient authority can be liable under Title VII); *Russell v. City of Overland Police Department,* 838 F.Supp. 1350 (E.D.Mo.1993) (Employees may be liable under Title VII if they are "agents."). Part of the confusion results from 1991 changes to Title VII allowing compensatory and punitive damages as well as equitable relief. These recent amendments can be argued as support for either side.

The Court of Appeals for the Eighth Circuit has not yet addressed the issue of a supervisor's individual liability under Title VII. In *Hall v. Gus Construction Co., Inc.,* 842 F.2d 1010 (8th Cir.1988), the Eighth Circuit did affirm a verdict in a Title VII case against a construction company and one of its foremen individually. However, the issue of liability of a supervisor as an "agent"

was not appealed nor directly addressed in the decision.

The defendants cite *Smith v. St. Bernards Regional Medical Center,* 19 F.3d 1254 (8th Cir.1994) for the proposition that individual employees cannot be held liable under Title VII because they are not employers. However, *Smith* is not precisely on point. The individual employees in that case were co-workers and not supervisors. The Court is aware of no court which has held co-workers, who are not in a position of authority, liable under Title VII to a fellow employee.

Thoughtful and well-reasoned argument can be made on both sides of this issue. However, the Court finds persuasive the analysis of Judge Harold D. Vietor [1]:

> Section 2000e still exempts employers with fewer than fifteen employees; new section 1981a includes damage limits scaled to the size of the employer's work force. The term "employer" must be interpreted in the context of this structure. It is implausible that this structure, which purposefully excludes or limits the liability exposure of small businesses, would simultaneously allow recovery against individuals who are employed by a covered employer, such as supervisors.

*Accordino v. Langman,* 862 F.Supp. 237, 238 (S.D.Iowa 1994).

The better view is that individual employees who do not otherwise qualify as "employers" are not individually liable under Title VII. Accordingly, defendant Doggett's Motion to Dismiss for failure to state a claim upon which relief can be granted is hereby granted.

---

1. United States District Judge for the Southern District of Iowa.