Steven G. **ROTHMEIER,** Plaintiff,

v.

**INVESTMENT ADVISERS, INC.,** a **Minnesota corporation, and Noel P. Rahn, an individual, Defendant.**

Civil No. 3–94–431.

United States District Court,
D. Minnesota,
Third Division.

May 18, 1996.

Briggs and Morgan, Timothy R. Thornton, Scott G. Bowman, and Eric J. Rucker, Minneapolis, MN, for Plaintiff.

Kelly & Berens, Michael Berens and Celeste E. Culberth, Minneapolis, MN and Leonard, Street and Deinard, George F. McGunnigle and Barbara Berens, Minneapolis, MN, for Defendant.

## MEMORANDUM OPINION AND ORDER

DAVIS, District Judge.

### INTRODUCTION

This matter came on before the Honorable Michael J. Davis on November 30, 1994 on the motion of defendant for summary judgment pursuant to Fed.R.Civ.P. 56. For the following reasons, the Court grants defendant's motion in part and denies it in part.

## BACKGROUND

Plaintiff Steven G. Rothmeier ("Rothmeier") was hired in fall 1989 as the president of IAI Capital Group, a division of defendant Investment Advisers, Inc. ("IAI"). Defendant Noel P. Rahn, as Chief Executive Officer of defendant IAI, hired Rothmeier as president of IAI Capital Group which oversaw two subsidiaries, the Venture Capital Group and IAI International. At the time of his hire, Rothmeier was forty two years of age.

In addition to his involvement with IAI Capital Group, Rothmeier participated as a general partner in several investment partnerships organized under the IAI umbrella entity, Investment Advisers Venture Management Inc. (IAVMI), IAI Venture Capital Group and IAI Venture Capital Group II. Rothmeier was also primarily responsible for the direction of the Great Northern Capital Partners partnership, a merchant-banking fund organized under the aegis of IAI.

In March 1993, Rothmeier began investigating the registration status of IAI under the relevant rules of the Securities and Exchange Commission after he received certain information from one Linda Watchmaker, the Chief Financial Officer of the Venture Capital Group. Watchmaker's information suggested that Investment Advisers Venture Management, Inc. ("IAVMI"), a subsidiary of defendant IAI, was not properly registered as an investment adviser under provisions of the Investment Advisers Act of 1940. The financial ramifications of the registration problem were allegedly in excess of $11,000,000. Rothmeier undertook to discover whether the Watchmaker information was accurate.

By March 15, 1993, Rothmeier had formed the opinion that IAVMI was, in fact, in violation of SEC regulations and reported this information to Rahn. During that meeting, Rahn indicated that he wanted to amend the terms of the Great Northern Partnership agreement, but was not interested in paying any consideration for the changes. Rothmeier refused. In furtherance of his SEC investigation, Rothmeier requested from Rahn additional information concerning IAVMI's compliance with the SEC registration requirements. The requested information was never received by Rothmeier because Rothmeier was terminated from his employment with IAI on March 17, 1993.[1] The termination was effective immediately. Upon Rothmeier's termination, the responsibilities inhering in his position with IAI Capital Group were transferred to David Spreng, who was then 31 years old. Spreng had previously been involved with Great Northern and IAI International.

IAI and Rahn allege that Rothmeier's termination operated so as to terminate his general partnership interests in IAI Venture and IAI Venture II. The effect of Rahn's interpretation of the partnership agreements was to transfer Rothmeier's interests in the partnerships to other individual general partners and to eliminate Rothmeier's continued interest in future income of the partnerships. Moreover, because of the termination, Rothmeier reduced his participation percentage in the partnerships and he lost his right to participate in the management, operation and control of the partnerships.

Rothmeier has filed charges of unlawful discrimination against Rahn and IAI with the Equal Employment Opportunity Commission and the Minnesota Department of Human Rights. There has apparently been no action taken on those charges.

This suit was commenced in September 1993 with the filing of a five count complaint alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq* and specifically Section 623(a); the Minnesota Human Rights Act, Minn.Stat. § 363.01 *et seq.;* Minn.Stat. § 181.81, which section prohibits an employer from taking adverse employment action based on the age of an employee; the Minnesota Whistleblower statute, Minn.Stat. § 181.932; and, breaches of fiduciary duties. Defendant now moves for summary judgment.

1. There is some dispute concerning the actual date of Rothmeier's termination. Defendants maintain that it was March 15, prior to the "whistleblowing" at issue here and Rothmeier maintains that it was March 17. Because of the result reached in this motion, the court expresses no views on this issue.

## DISCUSSION

Summary judgment is appropriate if there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Unigroup, Inc. v. O'Rourke Storage & Transfer Co.*, 980 F.2d 1217, 1219–20 (8th Cir.1992). As the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole." *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555. The Court will grant summary judgment if, "viewing the evidence in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences to be drawn from that evidence, the movant is entitled to judgment as a matter of law." *Arthur Young & Co. v. Reves*, 937 F.2d 1310, 1324 (8th Cir.1991).

## PLAINTIFF'S AGE DISCRIMINATION CLAIMS

### I. McDonnell Douglas Analysis

■ Plaintiff's claim requires the application of the burden shifting analysis announced in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973):

> *McDonnell–Douglas* lays out a three-step "judicial minuet" in which the burden of production rests first on the plaintiff to establish his prima facie case, then on the defendant to articulate some legitimate nondiscriminatory reason for the employees rejection ..., and finally again on the plaintiff to show that the defendant's reasons were pretextual.

*Holley v. Sanyo Mfg., Inc.*, 771 F.2d 1161, 1164 (8th Cir.1985). Under the *McDonnell–Douglas* analysis, the burden of production is shifted between the parties, but the burden of proof and persuasion remains with the plaintiff. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506–10, 113 S.Ct. 2742, 2747–48, 125 L.Ed.2d 407 (1993).

■ To establish a prima facia case of employment discrimination using circumstantial evidence, a plaintiff must prove that he: (1) is a member of the protected class; (2) was qualified for the position from which he was demoted or discharged; and (3) was replaced by another person. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824; *Figgous v. Allied/Bendix Corp., Allied Signal*, 906 F.2d 360, 362 (8th Cir.1990). See also, *Feges v. Perkins Restaurants, Inc.*, 483 N.W.2d 701, 710–711 (Minn.1992), *rehearing denied*, June 16, 1992 (Minn.1992) (adopting *McDonnell Douglas* analysis for claims arising under Minnesota Human Rights Act). *See also Ward v. Employee Development Corp.*, 516 N.W.2d 198, 201 (Minn.App.1994).

■ Once plaintiff has made out a prima facie case of discrimination, the burden of production shifts to the defendant to prove that it has a legitimate non-discriminatory reason for the employee's termination. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Finally, plaintiff must prove that defendant's reasons are merely pretext for discrimination. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

■ Summary judgment is to be awarded under the *McDonnell Douglas* analysis if plaintiff fails to establish a prima facie case in step one of the analysis or fails to establish that the defendants stated nondiscriminatory reason set out in the third step of *McDonnell Douglas* is a mere pretext for discrimination. *See, Jones v. Frank*, 973 F.2d 673, 675 (8th Cir.1992).

■ There is no dispute that plaintiff has made out a prima facie case of age discrimination in this case; he was within a protected age group at the time of his termination, he suffered adverse employment action, and he was replaced by another, younger person. Rather, the dispute concerns whether the reasons put forth to justify Rothmeier's termination are pretextual. Defendants assert not only that they had sufficient and legitimate reasons for dismissing Rothmeier; they also assert that there exists in this case a presumption of non-discrimination because of the temporal proximity between Rothmeier's hiring and his termination. As support for this proposition, defendant's cite *Lowe v. J.B. Hunt Transport, Inc.*, 963 F.2d 173, 174–75

(8th Cir.1992), *Serben v. Inter–City Mfg. Co.,* 36 F.3d 765 (8th Cir.1994), *Proud v. Stone,* 945 F.2d 796 (4th Cir.1991) and *Ward,* 516 N.W.2d at 202.

None of the cited cases stands for the proposition for which it was cited. For instance, *Lowe* is best understood as explaining the relative weight to be accorded to the fact that Lowe was hired at fifty one and terminated at age fifty three; "if plaintiff had been forty when he was hired and sixty five when he was fired, obviously this fact would not be so compelling.... It is simply incredible, *in light of the weakness of plaintiff's evidence otherwise,* that the company officials who hired him at age fifty-one had suddenly developed an aversion to older people less than two years later." 963 F.2d at 174–75 (Emphasis supplied.) Indeed, the case most relied upon by defendants in this regard, *Proud v. Stone,* does not purport to cast these matters as presumptions:

> Therefore, in cases where the hirer and the firer are the same individual and the termination of employment occurs within a relatively short time span following the hiring, *a strong inference* exists that discrimination was not a determining factor for the adverse action taken by the employer.

945 F.2d at 797 (Emphasis supplied.). Collectively, the cited cases stand for the proposition that, where the plaintiff's proof of pretext is otherwise sparse, it is proper for the court to look closely at the factors recited in *Proud* in making its determination concerning a pretrial disposition of the case before it. With that in mind, the court turns to the reasons offered by defendants for plaintiff's discharge.

Defendants set out three reasons for Rothmeier's termination: the poor performance of IAI International; the failure of the Great Northern fund drive; and, Rothmeier's purported insubordination and differences in management style between Rothmeier and Rahn. Plaintiff disputes each of defendant's contentions regarding the reasons for his termination. Where defendant asserts that IAI International lost millions of dollars, Rothmeier contends that IAI International made over $1 million under his guidance.

Where defendant contends that Rothmeier was insubordinate, Rothmeier argues that he was possessed of business ethics of a high order and raised the SEC registration issues out of that heightened sense of ethics; raising the issue, Rothmeier says, was not a matter of insubordination but, rather, an exercise in business ethics. Where defendant asserts that the Great Northern fund failed or was failing, plaintiff says that he had informed IAI that it was not likely that the Fund would achieve its goals and, in any event, David Spreng was in charge. Finally, plaintiff avers that the differing management styles as between himself and Noel Rahn was, alternatively, well known to Rahn or not as pronounced as Rahn has suggested. These are plainly factual disputes.

These factual disputes, however, have nothing to do with the critical issue before the court; "the issue is not whether the reason articulated by the employer warranted the [action], but whether the employer acted for a non-discriminatory reason." *Halsell v. Kimberly–Clark Corp.,* 683 F.2d 285, 292 (8th Cir.1982), *cert. denied,* 459 U.S. 1205, 103 S.Ct. 1194, 75 L.Ed.2d 438 (1983); *Lowe v. J.B. Hunt Transport, Inc.,* 963 F.2d 173, 175 (8th Cir.1992) ("The question is whether the plaintiff was fired on account of his [protected status], not whether he was fired for an insufficient reason.").

The record before the court is bereft of any suggestion that there was any age based animus involved in the decision of IAI and Rahn to terminate Rothmeier. There were clearly problems as between Rahn and Rothmeier; but those problems concerned certain aspects of the business relationship rather than his age. Moreover, Rothmeier points to no incident or comment wherein his age was ever mentioned. While *McDonnell Douglas* permits an inference of discrimination where the plaintiff has been the subject of adverse employment action, such an inference is not compelled where, as is the case here, there is simply nothing in the record to support plaintiff's contentions that his termination was related to his age. Indeed, as *Lowe* teaches, "[t]he evidence that plaintiff claims is inconsistent with defendant's proffered justification is thin, but perhaps sufficient, all other

things being equal, to defeat [defendant's motion]. In the present case, however, all other things were not equal. The most important fact here is that plaintiff was a member of the protected age group both at the time of his hiring and at the time of his firing, and that the same [person] who hired him also fired him." 963 F.2d at 174.

■ Moreover, once the employer produces a legitimate reason, "the presumption of discrimination evaporates and the plaintiff must prove [his] case by proving that it is more likely than not that the proffered reason is (1) a pretext for discrimination or (2) not worthy of belief," *Feges v. Perkins Restaurants*, 483 N.W.2d 701, 711 (Minn.1992) (citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981), and that intentional discrimination was the true reason for the employer's action. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993). This plaintiff has failed to do. Accordingly, the court will grant defendant's motion for summary judgment as to Counts I and II of the complaint.

## II. The Individual Liability of Rahn

■ Plaintiff's complaint purports to state a claim under the ADEA against defendant Noel P. Rahn individually and defendant asks this court to grant summary judgment as to that claim. Plaintiff seeks to premise liability on the belief that Rahn and IAI are indistinguishable. While it is true that Rahn, to some extent, is IAI, that fact does not compel a finding of liability under the ADEA.

The Eighth Circuit Court of Appeals has not yet ruled on the issue, but of the Circuits that have ruled, the majority have held that individual liability is not appropriate. *See e.g., Miller v. Maxwell's Intern. Co.*, 991 F.2d 583, 587 (9th Cir.1993), *cert. denied sub nom, Miller v. LaRosa*, 510 U.S. 1109, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994) ("... it is inconceivable that Congress intended to allow civil liability to run against individual employees"); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir.1993); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510–11 (4th Cir.1994), *cert. denied*, —— U.S. ——, 115

S.Ct. 666, 130 L.Ed.2d 600 (1994) ("We therefore hold that the ADEA limits civil liability to the employer and that [the employee] is not a proper defendant in this case."); *Grant v. Lone Star Co.*, 21 F.3d 649, 651–53 (5th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994); *Smith v. Lomax*, 45 F.3d 402, 403–404 n. 4 (11th Cir. 1995).

In the absence of a definitive ruling from the Circuit, the court looks to the holdings of its fellows in the District Courts of the Eighth Circuit for assistance. *See Stafford v. State of Missouri*, 835 F.Supp. 1136 (W.D.Mo.1993); *Henry v. E.G. & G. Missouri Metals Shaping Co.*, 837 F.Supp. 312 (E.D.Mo.1993); *Williams v. Rothman Furniture Stores, Inc.*, 862 F.Supp. 239 (E.D.Mo. 1994); *Accordino v. Langman Construction, Inc.*, 862 F.Supp. 237 (S.D.Iowa 1994); and, *Engle v. Barton County Memorial Hospital*, 864 F.Supp. 118 (W.D.Mo.1994). *Barton County* is singularly instructive with regard to this issue. There the court reviewed the decisions of the District Courts of this Circuit and held that "[a]bsent any directive from the Eighth Circuit, this court adopts the sound reasoning and conclusions of the Ninth Circuit ... by holding that a supervisor may not be held individually liable ..." 864 F.Supp. at 120. This court concurs with and adopts the reasoning of the court in *Barton County*. Accordingly, to the extent that plaintiff's complaint purports to state a claim for violations of the ADEA against Noel P. Rahn individually, those claims are dismissed.

## III. Plaintiff's State Law Claims

■ The remainder of plaintiff's complaint states claims arising under the laws of the states of Minnesota and Delaware. Because the sole federal claim in this matter will be dismissed, *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), and the remaining claims are not inextricably linked to the dismissed claims, the court declines to exercise supplementary jurisdiction over the state law claims. 28 U.S.C. § 1367(c). *See*

*e.g., Mason v. Richmond Motor Co.,* 625 F.Supp. 883, 888 (E.D.Va.1986) (no pendent jurisdiction over contract claim where termination only fact shared with ADEA claim).

## CONCLUSION

Plaintiff here has proffered no evidence that defendants displayed any age based animus in their decision to terminate plaintiff. Defendants have provided legitimate, non-discriminatory reasons for terminating Rothmeier and Rothmeier has failed to provide evidence that would prove defendants' reasons are pretextual. Because there is no basis for the further exercise of federal jurisdiction by this court in this matter, the court declines to exercise supplemental jurisdiction over plaintiff's claims arising under the laws of the State of Minnesota.

Accordingly, the court makes the following

## ORDER

Based upon the foregoing and all the files, records and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for summary judgment is GRANTED in part and DENIED in part, as follows:

   a. Defendant's motion for summary judgment is granted as to Counts I and II and those Counts are DISMISSED WITH PREJUDICE;

   b. Defendant's motion for summary judgment is granted as to Counts I and II insofar as they purport to state a claim against defendant Noel P. Rahn individually and those Counts are DISMISSED WITH PREJUDICE.

2. Defendant's motion for summary judgment is denied as to Counts III, IV and V and those Counts are DISMISSED WITHOUT PREJUDICE.