91 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
R. Dan BERGAN, Plaintiff-Appellant,
v.
STANDARD DUPLICATING MACHINES CORPORATION, a Massachusetts
corporation, Defendant-Appellee.
 No. 95-35364.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1996.
Decided July 29, 1996.
 
 1
 Before: FERGUSON and BRUNETTI, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 R. Dan Bergan ("Bergan") filed suit pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. Bergan appeals the district court's grant of summary judgment in favor of his former employer Standard Duplicating Machines Corporation ("Standard"). The district court concluded that there was no genuine issue of material fact regarding Standard's allegedly pretextual reasons for firing Bergan. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 4
 A grant of summary judgment is reviewed de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 5
 A plaintiff alleging age discrimination pursuant to the ADEA may proceed under a theory of disparate impact or disparate treatment. Rose v. Wells Fargo & Co., 902 F.2d 1417, 1421 (9th Cir.1990). Disparate treatment requires a showing that the employer treats some people less favorably than others because of their age, while disparate impact challenges a facially neutral employment practice which has a discriminatory impact. Id.
 
 
 6
 The plaintiff must first establish, by a preponderance of the evidence, a prima facie case of age discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993).[1] The burden of production then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment decision. Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994). The plaintiff must then offer evidence to demonstrate that the proffered reason was a pretext and that discrimination was the true reason for the decision. St. Mary's Honor Center, 509 U.S. at 515.
 
 
 7
 The degree of proof necessary to establish a prima facie case is minimal. Wallis, 26 F.3d at 889. To state a prima facie case of age discrimination, the plaintiff must generally show he: (1) was a member of the protected class (between the ages of 40 and 70); (2) was performing his job in a satisfactory manner; (3) was discharged; and (4) was replaced by a substantially younger employee with equal or inferior qualifications. Id. at 891. In regard to the replacement's age, "a plaintiff is not precluded from bringing suit merely because a person of the same protected class is selected for the challenged position." Diaz v. American Telephone & Telegraph, 752 F.2d 1356, 1360 (9th Cir.1985). In the present case, given the minimal showing required and the evidence presented, we agree with the court below that Bergan established his prima facie case of age discrimination.
 
 
 8
 The burden of production then shifts to Standard, as the employer, to show a legitimate, nondiscriminatory reason for termination. Wallis, 26 F.3d at 889. Standard proffered evidence of their legitimate, nondiscriminatory reason for termination as Bergan's poor relations with dealers and his poor job performance. On a motion for summary judgment, the trier of fact does not engage in a credibility assessment of the employer's proffered reasons. St. Mary's Honor Center, 509 U.S. at 523. By the evidence proffered, Standard met its burden of production.
 
 
 9
 The burden shifts back to Bergan who must offer evidence to demonstrate that Standard's proffered reason was a pretext and that age discrimination was the true reason for his termination. See St. Mary's Honor Center, 509 U.S. at 515. The burden of persuasion rests at all times with the plaintiff. Id. at 511. The mere fact that a prima facie case has been made is not in itself sufficient to permit a rational trier of fact to find the employer's explanation to be pretextual. Wallis, 26 F.3d at 890. The plaintiff must produce specific, substantial evidence of pretext. Id. "When evidence to refute the defendant's legitimate explanation is totally lacking, summary judgment is appropriate even though plaintiff may have established a minimal prima facie case." Id. at 890-91.
 
 
 10
 To show pretext and discrimination Bergan makes two arguments: (1) Standard's claim of poor job performance was pretextual; and (2) Standard had a pattern of age discrimination. First, in refuting the claim of poor job performance, Bergan asserts that he was not informed of the complaints from his dealers, and therefore Standard's allegation of poor performance is a post hoc rationalization for his dismissal. However, Bergan offered no specific evidence to refute the allegation. Bergan also claims a factual issue exists regarding the satisfaction of the dealers in his territory. Standard proffered affidavits from three dealers indicating their dissatisfaction with Bergan. Bergan admitted affidavits from two other dealers expressing their satisfaction. However, the fact that some dealers were pleased with Bergan is immaterial, because the court needs only to ascertain that there was unrefuted evidence to show that Bergan had a poor working relationship with some of his dealers. Bergan failed to rebut this evidence.
 
 
 11
 Second, Bergan asserts that Standard exhibited a pattern of terminating older employees. He refers to three other staff members over age 50 who were terminated from 1985 to 1992, and each was replaced by a younger worker. In order to show that statistical patterns give rise to an inference of discrimination the plaintiff must offer evidence "that these terminations were without good cause, or that age was a determining factor in any of them." Mundy v. Household Finance Corp., 885 F.2d 542, 546 (9th Cir.1989). The fact that other older employees were discharged is simply not probative of the employer's motive for terminating the plaintiff. Id. Bergan did not offer any evidence to show the other terminations were without good cause, or that age was a determining factor. Therefore, Bergan did not present sufficient evidence to show a pattern of age discrimination by Standard.
 
 
 12
 Finally, Bergan's claim of age discrimination is undermined by the fact that the same people who had rehired him at age fifty-one, fired him at age fifty-five. Other courts have noted this logical inconsistency: "It is simply incredible, in light of the weakness of plaintiff's evidence otherwise, that the company officials who hired him at age fifty-one had suddenly developed an aversion to older people less than two years later." Lowe v. J.B. Hunt Transport, Inc., 963 F.2d 173, 175 (8th Cir.1992). See also Rand v. CF Industries, Inc., 42 F.3d 1139, 1147 (7th Cir.1994); Proud v. Stone, 945 F.2d 796, 797 (4th Cir.1991); Keenan v. Allan, 889 F.Supp. 1320, 1377-78 (E.D.Wash.1995).
 
 
 13
 The district court's grant of summary judgment to Standard is AFFIRMED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although St. Mary's Honor Center is a Title VII case, the rules regarding burdens of proof developed in cases under Title VII are applicable in cases under the ADEA. Wallis v. J.R. Simplot Co., 26 F.3d 885, 888 (9th Cir.1994)