United States Court of Appeals

FOR THE EIGHTH CIRCUIT

—————————

No. 96-1525EA

—————————

Ronald Grossmann,                    *
                                     *
            Appellee,                *
                                     *    Appeal from the United States
     v.                              *    District Court for the Eastern
                                     *    District of Arkansas.
Dillard Department Stores, Inc.,*
                                     *
            Appellant.               *

—————————

Submitted:  December 11, 1996

Filed:  March 24, 1997

—————————

Before FAGG, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

—————————

FAGG, Circuit Judge.


     Dillard Department Stores, Inc. hired Ronald Grossmann to manage
operations at Dillards' flagship Park Plaza store in Little Rock, Arkansas.
Grossmann was forty-eight.  Dillards fired Grossmann four years later, and
Grossmann sued for age discrimination.  The jury found Dillards had
willfully violated Grossmann's rights under the Age Discrimination in
Employment Act (ADEA), 29 U.S.C. §§ 621-634 (1994), and awarded Grossmann
back pay.  The district court denied Dillards' motion for judgment as a
matter of law (JAML), awarded liquidated damages and front pay, and entered
judgment against Dillards for $263,568 plus interest.  Dillards appeals,
and we reverse.

     Viewing the evidence in the light most favorable to Grossmann, and
resolving evidentiary conflicts in Grossmann's favor, see Ryther v. KARE
11, No. 94-3622, 1997 WL 94025, at *11 (8th Cir. Mar. 6, 1997) (en banc),
the facts of the case are as follows.  In

November 1989, John Franzke, head of the Dillards division that includes the Park Plaza store, interviewed Grossmann to become Park Plaza's operations manager. The duties of this position include staff scheduling, maintenance and safety, customer service, and payroll. Grossmann told Franzke he was tired of relocating and wanted to stay put in Little Rock. Franzke responded favorably. A few weeks later, Grossmann was hired. In 1990, Walter Grammer became store manager at Park Plaza and Grossmann's immediate supervisor.

During Grossmann's four years with Dillards, Grossmann received modest annual merit raises, Grammer praised Grossmann's cost-containment efforts for 1993, and Grammer rated Grossmann's work "satisfactory" or "satisfactory plus" in annual evaluations. On the other hand, Grossmann's evaluations listed a number of areas for improvement, about which Grammer and Grossmann agreed. These included reducing accident claims and cash register shortages and improving payroll administration. Around June 1992, Dillards told its managers to resolve certain staff scheduling problems. Dissatisfied with Grossmann's dilatory response to this company initiative, Franzke nearly fired Grossmann in October or November. Scheduling improved at Park Plaza, and the crisis passed.

Dillards periodically conducts unannounced internal audits of its stores. Park Plaza's two 1993 audits noted lapses for which Grossmann was responsible, such as failure to hold monthly safety meetings and inadequate monitoring of cash register errors. Several violations involved the customer service and cash room areas, also under Grossmann, including mishandled merchandise refunds, missing gift certificates, and improperly approved checks. When the auditor arrived at Park Plaza to begin his August 1993 audit, he found the cash room door open, bags of money outside the cash room, and no employee on watch.

In March 1994, Dillards discovered a Park Plaza sales manager

had been stealing cash merchandise refunds for several months, at a cost to Dillards of about ten thousand dollars. This scheme succeeded because customer service employees under Grossmann's supervision broke the rule that cash refunds are to be handed over only to customers. A few days after the refund thefts came to light, Franzke fired Grossmann. Franzke told Grossmann he was dissatisfied with Grossmann's performance and needed somebody in Grossmann's job who was promotable, transferable, and mobile. Grossmann was fifty-two when he was fired. His replacement was twenty-six and a member of Dillards' Executive Development Program, into which Dillards recruits recent college graduates. Of the six operations managers Franzke hired in 1995, four were over forty, and two were over fifty.

Reviewing the denial of Dillards' motion for JAML requires us to determine whether the evidence permits a jury reasonably to infer Dillards fired Grossmann because of his age. See Ryther, 1997 WL 94025, at *4. Dillards gave several reasons for Grossmann's discharge, but the district court concluded the jury could reasonably reject them all. We disagree. For one thing, Grossmann failed to identify any similarly situated employee Dillards treated differently than it treated Grossmann. Furthermore, Grossmann left some of Dillards' proffered reasons undisputed. First, Dillards said Grossmann failed to manage payroll competently. While Grossmann defended his performance, he did not deny Dillards had to issue more manually prepared paychecks for Park Plaza than for any other store in the company. Second, Dillards said cash register shortages increased under Grossmann, and uncontested evidence supports this claim. Third, Franzke testified Grossmann's failure to prevent the refund-theft scheme finally sealed Grossmann's fate. Grossmann countered with the testimony of Dillards' internal auditor, who said Grossmann could not have detected the scheme. But detection is one thing, prevention another. Thus, the auditor's testimony did not dispute the sincerity of Dillards' explanation, which appears all the more

credible considering a 1993 audit had put Grossmann on notice that customer service personnel were mishandling refunds.

In any event, the controlling question is not whether Grossmann cast some doubt on Dillards' expressed reasons for firing him, but whether the evidence proves Dillards intentionally discriminated against Grossmann. See Ryther, 1997 WL 94025, at *15 (Part I.A. of concurring and dissenting opinion, in which eight active judges joined). Having reviewed the record with care, we are convinced the evidence falls short. To prove discrimination, Grossmann relied on his age, his replacement by a younger worker from Dillards' Executive Development Program, his merit raises and satisfactory evaluations, Grammer's praise of Grossmann's cost-containment efforts for 1993, and Franzke's statement that he was firing Grossmann because Grossmann was not transferable or mobile. Taking the last point first, Grossmann links his desire to stay put to his age, and thus argues Franzke's statement is evidence of age bias. We reject Grossmann's argument. Even if age and unwillingness to move correlate--and Grossmann offered no evidence they do--they are not the same, so Franzke could consider one without the other. See Hazen Paper Co. v. Biggins, 507 U.S. 604, 611 (1993). Indeed, by contending he was fired because he would not relocate, Grossmann admits age was not the reason. See Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1337-38 (8th Cir. 1996).

The inferential force of Grossmann's remaining evidence is negligible. Grossmann himself said he expected to be replaced by a younger worker, not because Dillards discriminates but because every qualified candidate for Grossmann's position was younger than Grossmann. That Dillards recruits recent college graduates is not evidence it discriminates against older workers. See Hansard v. Pepsi-Cola Metro. Bottling Co., Inc., 865 F.2d 1461, 1466 n.1 (5th Cir. 1989). Next, Grossmann's merit raises were considerably less than the amount Dillards allocated for managers' raises at Park

Plaza.  Despite Grammer's overall satisfactory ratings of Grossmann's work, uncontested evidence documented specific, serious failings.  Most tellingly, Franzke hired Grossmann when Grossmann was forty-eight, fired him when he was fifty-two, and the following year hired four operations managers over forty, two of them over fifty.  To uphold the jury's verdict, we would have to believe that Franzke, himself fifty-eight, was free of age bias when he hired Grossmann, suddenly turned against older workers four years later, then just as abruptly changed his mind again.  That is more than reasonable people can swallow.  See Lowe v. J.B. Hunt Transport, Inc., 963 F.2d 173, 174-75 (8th Cir. 1992); Rothmeier, 85 F.3d at 1337.

Because Grossmann failed to make a submissible case of age discrimination, the district court wrongly denied Dillard's motion for judgment as a matter of law.  Thus, we need not address the finding of a willful violation or the front pay award.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.