United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-1459

Edward Hennessey,                   *

                                     *

          Appellant,           *   Appeal from the United States

                                     *   District Court for the

   v.                          *   Eastern District of Missouri.

                                     *

Good Earth Tools, Inc.,        *

                                     *

          Appellee.           *

_____

Submitted:  September 10, 1997
Filed: October 10, 1997
_____

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MORRIS
    SHEPPARD ARNOLD, Circuit Judge.
_____

BOWMAN, Circuit Judge.

Good Earth Tools, Inc. hired Edward Hennessey when he was fifty-five years old and fired him when he was fifty-nine. Good Earth claimed that it fired Hennessey because of unsatisfactory work; Hennessey disagreed. He sued Good Earth for age discrimination in violation of the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634 (1994 & Supp. 1 1995), and the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat.§§ 213.010 -.137 (1994 & Supp. 1 1996). The

District Court[1] granted Good Earth's motion for summary judgment, and Hennessey now appeals.

We review a grant of summary judgment de novo. Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1331 (8th Cir. 1996). Summary judgment is appropriate when there is no genuine issue of material fact and, accordingly, no reasonable jury could find in favor of the nonmoving party. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Where an age discrimination claim rests on circumstantial evidence of discrimination, as Hennessey's does, courts apply a three-step test to evaluate the claim.[2] Rothmeier, 85 F.3d at 1332. First, the plaintiff must present a prima facie case of discrimination. Second, if the plaintiff presents a prima facie case, the defendant must articulate a nondiscriminatory reason for its action. The burden then shifts back to the plaintiff to show that the offered reason is merely a pretext and that the defendant intentionally discriminated against him. Id. at 1332, 1334; Ryther v. Kare 11, 108 F.3d 832, 836 (8th Cir.) (en banc), cert. denied, 117 S. Ct. 2510 (1997).

We hold that even if Hennessey, contrary to the District Court's determination, did establish a prima facie case under the ADEA and MHRA (a question we need not and do not decide), he did not present evidence sufficient to support a finding that Good Earth's declared reason for firing him was a pretext for age discrimination. Good

---

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

[2]The same test applies under both the ADEA and the MHRA. The two statutes have functionally identical language. See 29 U.S.C. § 623(a)(1); Mo. Rev. Stat. § 213.055-1(1)(a). Federal decisions, moreover, are applicable to employment discrimination cases under the MHRA. See Midstate Oil Co. v. Missouri Comm'n on Human Rights, 679 S.W.2d 842, 845-46 (Mo. banc 1984); Cook v. Atoma Int'l of Am., Inc., 930 S.W.2d 43, 45-46 (Mo. Ct. App. 1996).

Earth claims that it fired Hennessey for his inadequate job performance. Hennessey claims that he was fired not for subpar work but for several other reasons, including his age. Hennessey has produced, however, no evidence of age discrimination whatsoever. Indeed, Hennessey acknowledges that he was fired largely for reasons other than his age. His brief states that "he was overpaid and doing an unnecessary job." Brief for Appellant at 13. Even if Hennessey could prove that this was true, and that he therefore was not fired for poor work as Good Earth claims, this would not help his case. Employers do not violate the law by discriminating against overpaid, unnecessary employees. To survive a motion for summary judgment, Hennessey must raise a genuine issue of material fact as to whether Good Earth's claimed reason for firing him was a pretext for age discrimination, not for some other, legitimate motive. See Rothmeier, 85 F.3d at 1334. This he has not done. Moreover, Good Earth's hiring of Hennessey at age fifty-five, when he was well within the age group protected by the ADEA, suggests that Good Earth was not influenced by ageism in firing him four years later. See Lowe v. J.B. Hunt Transp., Inc., 963 F.2d 173, 175 (8th Cir. 1992) ("It is simply incredible, in light of the weakness of plaintiff's evidence otherwise, that the company officials who hired him at age fifty-one had suddenly developed an aversion to older people less than two years later."). Having reviewed the record, we conclude that Hennessey did not create a genuine question of fact as to whether age discrimination motivated his dismissal.

We affirm the summary judgment for Good Earth Tools.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT