Robert T. **STROHMEYER**, Plaintiff,

v.

**INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES, Defendant.**

No. 95–CV–6334L.

United States District Court, W.D. New York.

Dec. 17, 1997.

Theodore S. Kantor, Bilgore, Reich, Levine, Kroll & Kantor, Rochester, NY, for Robert T. Strohmeyer.

E. Joseph Giroux, Jr., Law Offices of E. Joseph, Giroux, Jr., Buffalo, NY, Michael J. Gan, Barr, Peer & Camens, Washington, DC, Nancy A. Walker, Richard Sigmond, Sagot, Jennings & Sigmond, Philadelphia, PA, for

International Brotherhood of Painters and Allied Trades, AFL–CIO–CFL.

## DECISION AND ORDER

LARIMER, Chief Judge.

This action is brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the New York State Human Rights Law ("HRL"), N.Y.Exec.Law § 290 *et seq.*, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiff, Robert Strohmeyer ("plaintiff"), a fifty-six-year-old male, claims that defendant, International Brotherhood of Painters & Allied Trades ("defendant" or "International Brotherhood"), discriminated against him because of his age. Pending before the Court is defendant's motion for summary judgment.

## BACKGROUND

Plaintiff began working for the defendant on July 1, 1990. According to plaintiff, he performed his job in a satisfactory manner at all times. Defendant terminated plaintiff on December 31, 1994, the day before his fifty-seventh birthday. Plaintiff claims that defendant discharged him because of his age and then replaced him with Sean McGarvey, who was considerably younger and less experienced. Specifically, Sean McGarvey was thirty-two years old and had only six months' experience, whereas plaintiff was fifty-six years old and had almost thirty years' experience.

Plaintiff also claims that defendant terminated him in order to deprive him of his pension. According to plaintiff, defendant knew that he needed only six additional months of employment for his pension to vest with the International Brotherhood. Nevertheless, defendant discharged plaintiff and then denied his request to take an unpaid leave of absence for those six months.

Defendant moves for summary judgment on the grounds that: (1) plaintiff is unable to establish a *prima facie* case of age discrimination; and (2) even if he were, plaintiff is unable to rebut defendant's legitimate, non-discriminatory reasons for his termination and establish that age was a motivating factor.

## DISCUSSION

### A. Standards for Summary Judgment

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists only if the record, taken as a whole, could lead a reasonable trier of fact to find in favor of the non-movant. *Altman v. New York City Health & Hosps. Corp.,* 100 F.3d 1054, 1060–61 (2d Cir.1996).

The burden of demonstrating the absence of any genuine issue of material fact rests on the moving party, *Henry v. Daytop Village, Inc.,* 42 F.3d 89, 94 (2d Cir.1994), and all ambiguities and inferences that may be reasonably drawn from the facts must be viewed in the light most favorable to the non-moving party. *Gallo v. Prudential Residential Servs.,* 22 F.3d 1219, 1223 (2d Cir.1994). To defeat summary judgment, however, the non-moving party must go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e).

The general principles underlying a motion for summary judgment apply no less here simply because this is an employment discrimination action. Although courts exercise caution in granting summary judgment where an employer's intent is at issue, *Gallo,* 22 F.3d at 1224, "summary judgment remains available to reject discrimination claims in cases lacking genuine issues of material fact." *Chambers v. TRM Copy Ctrs. Corp.,* 43 F.3d 29, 40 (2d Cir.1994). For a plaintiff in a discrimination case to survive a motion for summary judgment, he must do more than present "conclusory allegations of discrimination;" he must offer "concrete particulars" to substantiate the claim. *Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.1985); *Duprey v. Prudential Ins. Co.,* 910 F.Supp. 879, 883 (N.D.N.Y.1996).

## B. Standards for Discrimination Claims

■ The three-part analytical framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and later refined in *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), governs discrimination claims brought under the ADEA, the HRL, and ERISA. *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1180 (2d Cir.1992); *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1112 (2d Cir.1988). This framework is not intended to be "a rigid ritual, but simply an orderly way to evaluate proof when discrimination is claimed." *Dister*, 859 F.2d at 1112.

Plaintiff has the initial burden of establishing a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824; *Burdine*, 450 U.S. at 252–53, 101 S.Ct. at 1093–94. In a wrongful termination case, a *prima facie* case is established if plaintiff demonstrates that: (1) he was within the protected age group—*i.e.*, between forty and seventy; (2) he was qualified for the position; (3) he was terminated; and (4) the termination occurred under circumstances giving rise to an inference of age discrimination. *Viola v. Philips Med. Sys.*, 42 F.3d 712, 716 (2d Cir.1994); *Woroski v. Nashua Corp.*, 31 F.3d 105, 108 (2d Cir.1994). The showing that plaintiff must make as to the elements of a *prima facie* case "is not onerous," *Sweeney v. Research Found.*, 711 F.2d 1179, 1184 (2d Cir.1983), but merely "*de minimis.* " *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 203–04 (2d Cir.1995).

If plaintiff establishes a *prima facie* case, then the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the employee's [termination]." *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824; *Burdine*, 450 U.S. at 254–55, 101 S.Ct. at 1094–95.

If the employer produces such evidence, then the burden shifts back to the plaintiff to prove that the employer's asserted reasons for its action were false and that age discrimination was the real reason. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 2751, 125 L.Ed.2d 407 (1993).

## C. Plaintiff's ADEA and HRL Claims

■ Both the ADEA and the HRL prohibit an employer from firing an individual because of his age. 29 U.S.C. § 623; N.Y.Exec.Law § 296. Here, plaintiff has the initial burden of establishing a *prima facie* case of age discrimination. I find that plaintiff has sustained this *de minimis* burden. It is essentially undisputed that plaintiff was a member of the protected age group, that he was qualified for his position, and that he was terminated. Further, viewing the facts, as I must, in the light most favorable to the plaintiff, I find that plaintiff has alleged a specific set of circumstances which give rise to an inference of age discrimination. Plaintiff claims that he was terminated, without warning, and then replaced by a considerably younger individual.

■ The burden now shifts to the defendant to articulate legitimate, nondiscriminatory reasons for plaintiff's termination. I find that defendant has sustained this burden. Specifically, defendant maintains that plaintiff was terminated due to poor performance during financially troubling times for the International Brotherhood.

■ The burden now shifts back to the plaintiff to prove that the defendant's asserted reasons for his termination were false and that age discrimination was the real reason. I find that plaintiff is unable to sustain this burden. Plaintiff simply has not come forward with any evidence of age discrimination.

■ Except for the fact that plaintiff's alleged replacement, Sean McGarvey (an individual who defendant vehemently denies was a replacement for plaintiff), was younger than plaintiff, there is simply no evidence before me that plaintiff's age was a factor in defendant's decision to terminate him. Replacement by a younger individual, while sufficient to establish the fourth element of a *prima facie* case, does not, standing alone, indicate that defendant's proffered reasons for terminating plaintiff are pretextual. *Coleman v. Prudential Relocation*, 975 F.Supp. 234, 242 (W.D.N.Y.1997); *Dinolfo v. Rochester Telephone Corp.*, 972 F.Supp. 718, 726 (W.D.N.Y.1997); *Hambras v. Board of*

*Trustees,* No. 93–CV–6467L, slip op. at 10 (W.D.N.Y. Nov. 7, 1996), *aff'd* 116 F.3d 465 (2d Cir.1997); *Suttell v. Manufacturers Hanover Trust Co.,* 793 F.Supp. 70, 74 (S.D.N.Y. 1992). "It is not a violation of the [ADEA] to replace an employee in the protected class with a younger person, as long as the protected employee is not replaced because of his age. Because younger people often succeed to the jobs of older people for perfectly legitimate reasons, the mere fact that an older employee is replaced by a younger one does not permit an inference that the replacement was motivated by age discrimination." *Monaco v. Fuddruckers, Inc.,* 1 F.3d 658, 661 (7th Cir.1993) (quoting *La Montagne v. American Convenience Prods., Inc.,* 750 F.2d 1405, 1413 (7th Cir.1984)). Accordingly, plaintiff's reliance primarily on the fact that he may have been replaced by a younger individual is not sufficient to defeat defendant's motion for summary judgment.

■ Plaintiff also alleges that four other employees—all over forty and all earning in excess of seventy thousand dollars—were terminated. This fact, however, does not advance plaintiff's age discrimination claims for several reasons. First, all of the five employees who were terminated in December 1994 were members of the protected age group when they were hired by the International Brotherhood. For example, defendant hired plaintiff at age fifty-two. This fact significantly undercuts plaintiff's theory that the International Brotherhood discriminates against older workers. *Suttell,* 793 F.Supp. at 74 (finding the fact that defendant hired plaintiff at age fifty-six undercuts any inference of age discrimination). "In short, employers who knowingly hire workers within a protected group seldom will be credible targets for charges of pretextual firing." *Proud v. Stone,* 945 F.2d 796, 798 (4th Cir.1991).

Further, the defendant terminated plaintiff at age fifty-six. It simply defies logic that in the period of four and one-half years, the International Brotherhood decided to begin discriminating against workers on account of their age. *See Miller v. Citizens Sec. Group, Inc.,* 116 F.3d 343, 348 (8th Cir.1997) (finding it simply incredible that the individual who had hired plaintiff when he was age fifty-five or fifty-six suddenly developed an aversion to older people when he fired plaintiff less than three years later); *Dinolfo,* 972 F.Supp. at 727 (finding it highly illogical that in the space of six months, defendant suddenly decided to begin discriminating against plaintiff on account of her age); *Equal Employment Opportunity Comm'n v. MCI Int'l, Inc.,* 829 F.Supp. 1438, 1461 (D.N.J.1993) (finding it incredible that the same company that had hired plaintiff at age forty-nine suddenly developed an aversion to older people when it fired him less than three years later).

Moreover, the individual responsible for the 1994 terminations also was a member of the protected age group. This fact "enhances the inference that age discrimination was not the motive behind plaintiff's termination." *Brown v. McDonnell Douglas Corp.,* 936 F.Supp. 665, 674 n. 6 (E.D.Mo. 1996), *aff'd,* 113 F.3d 139 (8th Cir.1997).

Further, after defendant terminated these five individuals, it hired seven new employees over the next year or so. Five of these employees were over forty and three of these employees (ages fifty-one, fifty-four, and fifty-five) were very close in age to plaintiff. These facts certainly demonstrate that employment decisions at the International Brotherhood are not based on age. *See Grossmann v. Dillard Dep't Stores, Inc.,* 109 F.3d 457, 459 (8th Cir.1997) (finding that a jury could not reasonably infer age discrimination where an employer, who also was in the protected age group, hired plaintiff when he was forty-eight, fired him when he was fifty-two, and the following year hired four new employees over forty, two of them over fifty).

■ Plaintiff also makes much of the fact that the employees terminated in December 1994 were making in excess of $70,000 and may have been replaced by younger, lower paid individuals. Plaintiff maintains that this presents a clear inference of age discrimination. Plaintiff, however, misconstrues the law in this regard. Defendant claims that it terminated these individuals for poor performance during financially troubling times for the International Brotherhood. According to defendant, the performance of these employees simply did not justify their high salaries.

The fact that age may have some correlation with salary does not mean that an employer's termination of high-salaried, nonproductive employees is indicative of age discrimination. *See Hazen Paper Co. v. Biggins,* 507 U.S. 604, 611–12, 113 S.Ct. 1701, 1706–07, 123 L.Ed.2d 338 (1993); *Criley v. Delta Air Lines, Inc.,* 119 F.3d 102, 105 (2d Cir.1997); *Bay v. Times Mirror Magazines, Inc.,* 936 F.2d 112, 117 (2d Cir.1991); *Boyle v. McCann–Erickson, Inc.,* 949 F.Supp. 1095, 1099 (S.D.N.Y.1997).

Finally, plaintiff claims that he was never notified of his performance deficiencies and, therefore, defendant's alleged reason for his discharge must be false. However, even if plaintiff could succeed in demonstrating that the proffered reason was "false," he still has failed to come forward with any evidence that age discrimination was the real reason. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 515, 113 S.Ct. 2742, 2751, 125 L.Ed.2d 407 (1993); *Fisher .v. Vassar College,* 114 F.3d 1332, 1338 (2d Cir.1997). Accordingly, defendant's motion for summary judgment on plaintiff's ADEA and HRL claims is granted.

### D. Plaintiff's ERISA Claim

ERISA § 510 provides that "[i]t shall be unlawful for any person to discharge ... a participant or beneficiary ... for the purpose of interfering with the attainment of any right to which such participant may become entitled [under an employee benefit plan]." 29 U.S.C. § 1140. "An essential element of plaintiff's proof under the statute is to show that an employer was at least in part motivated by the specific intent to engage in activity prohibited by § 510." *Dister v. Continental Group, Inc.,* 859 F.2d 1108, 1111 (2d Cir.1988). "No ERISA cause of action lies where the loss of pension benefits was a mere consequence of, but not a motivating factor behind, a termination of employment." *Titsch v. Reliance Group, Inc.,* 548 F.Supp. 983, 985 (S.D.N.Y.1982), *aff'd,* 742 F.2d 1441 (2d Cir.1983). To defeat summary judgment, plaintiff has to adduce some evidence from which a reasonable jury could conclude that defendant terminated his employment with the specific intent to deprive him of his pen-

sion benefits. *See Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 906 (2d Cir.1997).

Applying the *McDonnell Douglas* burden-shifting framework in this ERISA context, I find that plaintiff has established a *prima facie* case: (1) plaintiff belongs to a protected group of employees under ERISA who have the opportunity to attain rights in a benefit plan; (2) plaintiff was qualified for his position; (3) plaintiff was discharged six months before his pension rights were to vest; and (4) the resulting cost savings to defendant raises an inference of discrimination. I also find that defendant has met its burden of articulating legitimate, nondiscriminatory reasons for plaintiff's discharge: Plaintiff was terminated due to poor performance during financially troubling times for the International Brotherhood. Plaintiff now has the burden of proving that the reasons advanced by defendant are simply a pretext for discrimination. I find that plaintiff is unable to sustain this burden.

In support of his ERISA claim, plaintiff relies heavily on the fact that defendant refused to allow him to take a six month leave of absence until his benefits vested. This fact, however, "is irrelevant to his § 510 case, absent proof that others were more favorably treated." *Dister,* 859 F.2d at 1117. Plaintiff has failed to come forward with any such proof. Plaintiff also has failed to adduce any evidence that defendant terminated him with the specific intent to deprive him of his pension. The decision to terminate plaintiff was made by the General President of the International Brotherhood, whereas the decision to deny plaintiff's request for a six-month leave of absence was made by the board of trustees of the pension fund, which is not a party to this action. Plaintiff has not come forward with any evidence that the General President's decision to terminate him was in any way related to the pension fund or its trustees.

It is unfortunate that plaintiff was unable to vest in his pension plan after working for defendant for four and one-half years .[1] However, "ERISA does not guaran-

---

1. Prior to going to work for the International

Brotherhood in July 1990, plaintiff had worked

tee every employee a job until he or she has fully vested into a company's benefit plan. Plaintiff is required to prove more than the single fact that his termination precluded him from vesting ...; he must demonstrate [defendant's] unlawful purpose in firing him." *Id.* at 1111. Plaintiff simply has not done this. Accordingly, defendant's motion for summary judgment on plaintiff's ERISA claim is granted.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted, and plaintiff's complaint is dismissed in its entirety.

IT IS SO ORDERED.

for approximately twenty-four years for a local union. His rights to a substantial pension from that local union are unaffected by the actions of the International Brotherhood here.