# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-3340

_____

Glynn Vaughn,     *

                   *

       Appellant,     *

                   *    Appeal from the United States

   v.                   *    District Court for the

                   *    Western District of Arkansas

Roadway Express, Inc.,     *

                   *

       Appellee.     *

_____

Submitted: March 11, 1998

Filed: December 28, 1998

_____

Before MORRIS SHEPPARD ARNOLD and FLOYD R. GIBSON, Circuit Judges, and NANGLE,[1] District Judge.

_____

FLOYD R. GIBSON, Circuit Judge.

_____

[1]The HONORABLE JOHN F. NANGLE, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

Glynn Vaughn appeals from the order of the district court[2] granting summary judgment to his former employer, Roadway Express, Inc. (Roadway). Vaughn alleges that Roadway terminated him because of his age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (1995). After careful review of the record, we affirm the district court.

## I. BACKGROUND

As we are reviewing a grant of summary judgment, the following facts are presented in the light most favorable to Vaughn, the non-moving party. See Roberts v. Francis, 128 F.3d 647, 650 (8th Cir. 1997). Glynn Vaughn, a forty-nine year old Caucasian male, had been employed by Roadway for twenty-four years at the time of his termination on May 5, 1995. In January of 1994, when Vaughn was approximately forty-seven years old,[3] he received a promotion to terminal manager of three Roadway terminals. Prior to this promotion, Vaughn had been the terminal manager of two terminals. Vaughn had never experienced any adverse disciplinary or work performance problems prior to his promotion.

At some time in 1994, Roadway implemented a new computer program designed, among other things, to measure the operating efficiency of its terminals and track the flow of freight between terminals. The new program was specifically designed to prevent terminals from receiving credit for freight which was transferred off one trailer and then returned to the same trailer.[4]

---

[2]The HONORABLE HARRY F. BARNES, United States District Judge for the Western District of Arkansas.

[3]The record is unclear regarding Vaughn's age: both parties place Vaughn at forty-six or forty-seven years old at the time of his promotion.

[4]A single trailer load of freight may have several different destinations. It was not uncommon for the workers to load a trailer in a "first in, first out" manner. That is, the workers would remove all the freight in order to unload the freight at the front

In June of 1994, Vaughn received his annual performance review. Vaughn received negative ratings on two of ten performance goals at his review: the dock production (DP) goal and the pickup and delivery (P&D) goal. At some point after his annual review, Vaughn began entering inaccurate information into the computer program. Vaughn manually altered the DP data to include freight transferred from and returned to the same trailer. On May 5, 1995, Vaughn's supervisor questioned him regarding the inaccurate computer entries. Vaughn confirmed that he had manually altered the DP data. Roadway immediately terminated Vaughn. A thirty-two year old Caucasian male replaced Vaughn.

Vaughn initiated this action against Roadway claiming age discrimination in violation of the ADEA, 29 U.S.C. §§ 621-34, and a violation of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1140 (1995). Roadway moved for summary judgment, which the district court granted. Vaughn appeals the order granting summary judgment on his age discrimination claim.[5]

## II.    DISCUSSION

We review a grant of summary judgment de novo and will affirm the judgment only if, upon viewing the facts in the light most favorable to the non-moving party, no genuine issue of material fact exists from which a reasonable juror could find in favor of the non-moving party. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1985). While the party seeking summary judgment bears the burden of

---

of the trailer at a given destination, rather than removing the freight in a "last in, first out" manner. Terminal employees would then reload the remaining freight onto the same trailer.

[5]Vaughn did not appeal the district court's order granting summary judgment on his ERISA claim.

demonstrating the absence of any genuine issue of material fact, the non-moving party must affirmatively set forth specific facts showing the existence of a genuine issue for trial and may not merely rest upon allegations or denials.  See Celotex, 477 U.S. at 324; Young v. Warner-Jenkinson Co., Inc., 152 F.3d 1018, 1021 (8th Cir. 1998).

The burden-shifting scheme developed by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), applies to this case as Vaughn  is relying on circumstantial evidence to prove his discrimination claim.   This three-step analysis first requires that the plaintiff present a prima facie case of discrimination. Once the plaintiff puts forth evidence to establish his prima facie case, a legal presumption of unlawful discrimination is created.  See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993).  The burden of production then shifts to the employer to articulate a legitimate non-discriminatory reason for the adverse employment action. If the employer identifies a legitimate non-discriminatory reason for its action, the presumption created by the prima facie case "simply drops out of the picture."  Id. at 511 (citations omitted).  The burden then shifts back to the plaintiff, who must show that the employer's proffered reason is pretextual and that "he has been the victim of intentional discrimination."  Id. at 508 (citations omitted).

It is undisputed that Vaughn has established his prima facie case.  Under the ADEA, the elements of a prima facie case are:  1)  the plaintiff is within the protected age group;[6] 2) the plaintiff met the applicable job qualifications; and 3) the plaintiff was replaced by a younger person.  See Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 776 (8th Cir. 1995).  The parties similarly do not dispute that Roadway has articulated a legitimate, non-discriminatory reason for its termination of Vaughn.  Roadway claims

---

[6]The ADEA protects individuals who are at least forty years of age.  See 29 U.S.C. § 631 (1995).

-4-

that Vaughn violated company policy[7] by falsifying computer entries and improperly inflating his PD ratings. Vaughn contends that Roadway's proffered reason for his termination is false and merely a pretext for intentional age discrimination.

The relevant issue on appeal is whether Vaughn produced sufficient evidence of pretext to allow a reasonable juror to infer that Roadway terminated him because of his age, rather than his conduct. Vaughn contends that his falsification[8] of records created more accurate records than Roadway's computer program, that the company should have practiced progressive discipline in his case, and that there are other indicia of a general age bias on the part of Roadway. Vaughn claims that this creates a reasonable inference of age discrimination and that a reasonable juror could find that Roadway impermissibly discriminated against Vaughn due to his age. We disagree.

This Court recently addressed the sufficiency of evidence of pretext required to withstand a summary judgment motion in Ryther v. KARE 11, 108 F.3d 832, 837 (8th Cir.) (en banc), cert. denied, 117 S. Ct. 2510 (1997). In Ryther, we stated that "evidence of pretext will not by itself be enough to make a submissible case if it is, standing alone, inconsistent with a reasonable inference of age discrimination. . . . The plaintiff must still persuade the [fact-finder] . . . that the employment decision was based upon intentional discrimination." Id. at 837-38. The overall evidence of pretext must allow a reasonable fact-finder to infer that the employer's adverse employment decision was motivated by discriminatory animus. See Rothmeier v. Investment

---

[7]The applicable section of Roadway's Code of Corporate Conduct states: "Any activity by an employee or representative of the Company that in any way violates the law or is otherwise unethical, even if intended to be 'beneficial' to the Company, is in fact directly contrary to the interests of the Company. . . . Violations of this Code or the Company's other compliance policies will result in discipline up to and including immediate separation from employment." J.A. at 60.

[8]In his affidavit Vaughn characterizes his actions as "corrections" to the computer program. He admits that "[i]n the sense that there was no second trailer, and only in that sense, is what I did a 'falsification.'" J.A. at 76.

Advisers, Inc., 85 F.3d 1328, 1336 (8th Cir. 1996).  Upon consideration of Vaughn's circumstantial evidence of pretext, we conclude that Vaughn has failed to offer sufficient evidence to allow a reasonable juror to conclude that Vaughn's age, rather than his conduct, motivated Roadway's decision to terminate him.

As evidence of pretext, Vaughn alleges that his falsification of computer data actually produced a more accurate PD figure than did the unadulterated computer program and that his actions neither harmed his employer nor benefitted himself. Nonetheless, neither the accuracy of Roadway's computer system nor Roadway's business decision to deny credit to terminals for freight unloaded and reloaded onto the same trailer is relevant to the issue presented here.  As we have frequently noted, "the employment-discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination."  Hutson, 63 F.3d at 781.  In his supporting affidavit Vaughn states, "[t]he fact that I was right and the company (or the computer program) was wrong, is the primary evidence I have that the defendant's motivation in terminating me must have been other than stated."  J.A. at 77 (internal quotations omitted) (emphasis in original). We find Vaughn's allegation that Roadway must have had some other motivation in terminating him, because his actions created more accurate PD figures, insufficient to support a reasonable inference of age discrimination.

Vaughn also alleges that the lack of progressive discipline in his case illustrates that Roadway's purported reason for terminating him was pretextual.  In his affidavit Vaughn states,

> [t]hroughout my experience as an employee of defendant progressive discipline was always practiced.  That is, discipline invariably began with a warning and progressed to discharge only after less severe punishments failed to correct the employee's problem or performance.  Only the most heinous offenses, such as theft or fighting, were ever punished by first offense discharge.

J.A. at 77 (emphasis in original).[9]  Vaughn offers no evidence of Roadway's progressive discipline policy other than his own statement.  We find Vaughn's unsupported allegations insufficient to support a reasonable inference of age discrimination.  See e.g., Hill v. St. Louis University, 123 F.3d 1114, 1119 (8th Cir. 1997).

Lastly, Vaughn alleges that Roadway has exhibited other indicia of a general age bias.  Vaughn cites the following as evidence of this bias:  1) his own status as the oldest manager in the region not yet eligible for retirement; 2) the termination of two unidentified managers also near fifty years of age; 3) his lack of personal knowledge of any person over forty years of age being promoted from rank and file to supervisor, or being hired from outside as supervisor; and 4) his lack of personal knowledge of any person over forty years of age being promoted to manager.[10]  See J.A. at 78.

Roadway's promotion of Vaughn at the age of forty-seven does not support Vaughn's allegations that a general bias against older employees was present at Roadway.  See Hennessey v. Good Earth Tools, Inc., 126 F.3d 1107, 1109 (8th Cir. 1997); Grossman v. Dillard Dep't Stores, Inc., 109 F.3d 457, 459 (8th Cir. 1997).  "It is simply incredible . . . that the company officials who [promoted Vaughn]  at age [forty-seven] had suddenly developed an aversion to older people less than two years later."  Lowe v. J.B. Hunt Transport, Inc., 963 F.2d 173, 175 (8th Cir. 1992).

---

[9]According to the parties' briefs and their remarks at oral argument, Vaughn is the first terminal manager with whom Roadway has faced this issue regarding the falsification of company data.  While Vaughn argues that the only discipline required by Roadway was to "point out to me that I should stop the practice," J.A. at 78, it is not the province of this Court to judge the wisdom of particular employment decisions. See Brown v. McDonnell Douglas Corp., 113 F.3d 139, 141 (8th Cir. 1997) .

[10]Vaughn admits, however, that Roadway has promoted managers over forty years of age to higher positions, including, of course, himself.  See J.A. at 78.

Similarly, we find that Vaughn's own admission that Roadway promoted managers over the age of forty undermines his allegations of a general age bias on the part of his former employer. Therefore, we conclude that Vaughn's unsubstantiated allegations are insufficient to support a reasonable inference of age discrimination.

To survive summary judgment, Vaughn must present evidence sufficient to create a genuine issue of fact as to whether Roadway intentionally discriminated against him because of his age. We find Vaughn's evidence of pretext insufficient to allow a reasonable juror to infer that Vaughn's age "actually motivated" Roadway's decision to terminate him. Rothmeier, 85 F.3d at 1337 (citations omitted).

We agree with the district court that Vaughn has not met this burden and, accordingly, affirm the district court's grant of summary judgment.

## III. CONCLUSION

For the reasons set forth in this opinion, we affirm the judgment of the district court.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

I respectfully suggest that the court has erred in concluding that Mr. Vaughn did not produce sufficient evidence of pretext to survive summary judgment. In the first place, I am not at all sure that the court has correctly stated the governing legal principles. Ryther v. KARE 11, 108 F.3d 832, 836-37 (8th Cir.) (en banc), cert. denied, 117 S. Ct. 2510 (1997), requires only that the plaintiff produce evidence that the business reason that a defendant articulates for making an adverse employment decision is a pretext for the kind of discrimination of which the plaintiff is complaining. No more than that is required. In any case, the plaintiff has presented a great deal of evidence of pretext here, all of which the court outlines in its opinion. The court's conclusion that it is insufficient to allow the plaintiff to avoid summary judgment is, in

my view, incorrect: The evidence raises a clear inference that the stated reason for Mr. Vaughn's termination was not the real one, and Mr. Vaughn has therefore made out a submissible case.

One of the court's statements deserves, I think, some particular comment. It is no doubt true, as the court says, that we do not "sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers." That is an unexceptionable proposition, one to which all judges would agree, but it has no application to the context. Mr. Vaughn is not claiming that he cannot be terminated for a particular reason; he is asserting that if the reason given for his termination is one that is contrary to the self-interest of the employer, an inference is raised that it is not the real reason. In other words, it is a pretext.

For those reasons, and others, I respectfully dissent from the judgment of the court.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.