# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-2540

———————

Lawyer Ward,       *

     *

     Appellant,       *

     *    Appeal from the United States

     v.      *    District Court for the

     *    District of Western Missouri.

Heritage Media Corporation, an Iowa      *

Corporation, doing business as      *      [UNPUBLISHED]

KXTR FM,      *

     *

     Appellee.       *

———————

Submitted:  April 6, 2000
Filed:  April 14, 2000

———————

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

———————

PER CURIAM.

Lawyer Ward, a fifty-seven year old African-American male, appeals following the district court's[1] grant of summary judgment in favor of defendant Heritage Media Corporation (Heritage) in his employment discrimination action. After de novo review of the record, see Winkle v. Southwestern Bell Tel. Co., 195 F.3d 418, 420 (8th Cir. 1999) (summary judgment standard of review), we conclude the district court did not err in granting summary judgment to Heritage. We agree with the district court that Ward failed to create a triable issue on whether Heritage's proffered non-discriminatory

———————

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

reasons for his discharge were a pretext for age discrimination. Moreover, even assuming his related Title VII and MHRA race-discrimination claims are not barred by a settlement agreement he signed,[2] these claims suffer from the same deficiency--lack of a jury issue as to pretext--and thus were properly dismissed as well. See Kneibert v. Thomson Newspapers, Mich. Inc., 129 F.3d 444, 452 (8th Cir. 1997) (plaintiff can avoid summary judgment only if evidence creates fact issue as to whether proffered reason was pretextual and creates reasonable inference that age was determinative factor in employer's decision to discharge employee); Thomas v. Runyon, 108 F.3d 957, 959 (8th Cir. 1997) (race discrimination); Hennessey v. Good Earth Tools, Inc., 126 F.3d 1107, 1108 n.2 (8th Cir. 1997) (MHRA). Finally, although Ward argues that the district court's order misstates his age as forty-seven when he is actually fifty-seven, Ward has not shown that the reference to his age was anything other than a clerical error, or that the error materially affected the court's analysis and conclusions.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

_____

[2]The district court considered the merits of the age discrimination claim, because the release did not comply with the Older Workers Benefit Protection Act. See 29 U.S.C. § 626(f).