# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 02-2968

_____

Joseph Thomas Barket, Jr.,     *
                                   *

         Appellant,     *

                                    *      Appeal from the United States

      v.                              *      District Court for the

                                    *      District of Minnesota.

Nextira One, formerly known as     *

Nextira, LLC, formerly known as     *      [UNPUBLISHED]

Williams Communications       *

Solutions, LLC, formerly known as     *

Wiltel Communication System,     *

LLC,                                   *

                                    *

         Appellee.       *

                                    *

_____

Submitted: May 12, 2003
Filed: August 21, 2003

_____

Before MORRIS SHEPPARD ARNOLD, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Joseph Barket brought a lawsuit against his former employer, Nextira One ("Nextira"), alleging that Nextira terminated him in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634 (2000), and the

Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213. The district court[1] granted Nextira's motion for summary judgment as to both claims. Barket appeals, and for the reasons stated below, we affirm the judgment of the district court.

Barket worked as a Technician III ("Tech III") at Nextira. As a Tech III, Barket's job duties included installing and maintaining telephone and data communications equipment. The job required that he be able to lift 50 to 75 pounds, to do commercial driving, to climb steps, to bend and stoop, and to climb a ladder. On November 17, 1997, Barket sustained severe injuries to his right ankle and foot when he was involved in an on-the-job auto accident. Dr. Paul Hartleben, Barket's treating physician, precluded Barket from returning to work until June 15, 1998. After that date, Dr. Hartleben authorized Barket to return to work with physical restrictions, including a limitation on the number of hours Barket could work in one day, a lifting restriction, a restriction against commercial driving, and a climbing restriction. Because the restrictions precluded Barket from performing his job duties, Nextira created a light-duty position for Barket involving clerical work. In early 1999, Barket's supervisor, Jeff Bird, reported to his supervisors that he had exhausted all light-duty work in his department and that he was unable to procure additional light-duty work from other departments. On February 9, 1999, Nextira decided to terminate Barket. On February 15, unbeknown to Nextira, Dr. Hartleben amended Barket's work restrictions, allowing Barket to work eight hours per day and allowing commercial driving. On February 22, Barket received notice that he had been terminated. Barket was 62 years old at the time of termination.

The district court granted Nextira's motion for summary judgment, concluding that there was no direct evidence of age or disability discrimination and that Barket could not establish a prima facie case under the ADEA and ADA. "We review a grant

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Dammen v. Unimed Med. Ctr., 236 F.3d 978, 980 (8th Cir. 2001) (internal citations and marks omitted). "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id.

Barket argues that his supervisor, Bird, made several comments to him concerning retirement that provide direct evidence that his termination resulted from age-based animus. We conclude that in the context of this case the statements at issue do not reasonably support such a conclusion. Bird's statements merely reflect the very real fact that Barket was approaching retirement age, that he could no longer perform his job duties, and that retirement was thus an attractive option. We have previously held that these kinds of statements standing alone cannot support an inference of discrimination and should not preclude summary judgment. See, e.g., Montgomery v. John Deere & Co., 169 F.3d 556, 560 (8th Cir. 1999) (stating that an employer may make reasonable inquiries into an employee's retirement plans and that the plaintiff should not be able to rely on those inquiries to establish discrimination); Ziegler v. Beverly Enters.-Minn., Inc., 133 F.3d 671, 676 (8th Cir. 1998) (holding that suggesting retirement to an employee of retirement age who is not performing to expectations does not provide a reasonable basis for inferring age discrimination); Thomure v. Phillips Furniture Co., 30 F.3d 1020, 1025 (8th Cir. 1994) (concluding that remark from owner that employee might want to retire was not sufficient evidence to support verdict because remark did not reflect "discriminatory animus in the decisional process"), cert. denied, 513 U.S. 1191 (1995). Barket's evidence is particularly weak when we consider the circumstances of Barket's termination. Nextira worked to keep Barket on the payroll after his injury, creating a light-duty position for him even though it had no obligation to do so. Thus, any inference of

3

age-based animus that Bird's statements could otherwise support is undermined by the fact that the same decision-makers that terminated Barket had diligently worked to keep him on the payroll only a short time before. See, e.g., Lowe v. J.B. Hunt Transp., Inc., 963 F.2d 173, 174-75 (8th Cir. 1992) (concluding that directed verdict was proper where evidence of discrimination was weak and inconsistent with age as a motive because it was the same decision-maker who hired and fired the plaintiff within a short period of time and plaintiff was already in the protected class when hired); Grossman v. Dillard Dep't Stores, Inc., 109 F.3d 457, 459 (8th Cir. 1997) (concluding that it was unreasonable to infer discrimination where plaintiff's evidence was weak and the evidence showed that the same decision-maker who hired plaintiff, who at the time of being hired was already in the protected class, also fired him). In light of the weak evidence in the record, we conclude that the district court did not err in concluding that there was no direct evidence of age-based animus.

We also conclude that Barket failed to establish a prima facie case of age-based discrimination under our burden shifting framework. To establish a prima facie case under the ADEA, Barket must establish "(1) that he is within the protected age group; (2) that he met applicable job qualifications; (3) that he was discharged; and (4) that, after his discharge, the position remained open and the employer sought applicants with similar qualifications to fill the position." Dammen, 236 F.3d at 981. Viewing the facts in the light most favorable to Barket, it is clear that at the time of his termination Barket was unable to meet the applicable job qualifications. Barket conceded during his deposition that at the time of his termination he could not and was not performing the essential duties of a Tech III. (J.A. at 142-47, 153.) Barket's subsequently filed affidavit stating that he could in fact perform the essential job duties of a Tech III does not create a genuine issue of material fact sufficient to preclude summary judgment. A party cannot avoid summary judgment by contradicting his sworn deposition testimony with a subsequent affidavit. See Dotson v. Delta Consol. Indus., Inc., 251 F.3d 780, 781 (8th Cir. 2001). Barket also argues that two doctor's reports, both of which Barket concedes were unknown to Nextira

4

at the time of termination, demonstrate that he could perform the Tech III duties. None of the doctor's reports, however, indicate that Barket could perform the Tech III duties. On the contrary, the reports indicate that Barket was restricted to light or moderate duty only and one report established permanent working restrictions, including a lifting restriction. (J. App. at 22, 25.)

We also conclude that the district court did not err in granting Nextira's motion for summary judgment on Barket's ADA claim. To establish a prima facie case under the ADA, Barket must show that "he has a disability . . .; that he is qualified to perform the essential functions of the job, with or without reasonable accommodation; and that he has suffered adverse employment action because of his disability." Benson v. N.W. Airlines, Inc., 62 F.3d 1108, 1112 (8th Cir. 1995). "The determination of qualification takes two parts: (1) whether the individual meets the necessary prerequisites for the job, such as education, experience, training, and the like; and (2) whether the individual can perform the essential job functions, with or without reasonable accommodation." Id. at 1111-12. Because Barket conceded during his deposition that at the time of his termination he was not performing the essential functions of his job, and because he does not argue that Nextira had received notice of the amended work restriction prior to termination, we conclude that his ADA claim must fail as a matter of law.

Accordingly, the judgment of the district court is affirmed.


A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

5